M. R. MARTIN V. W. B. JOHNSTON ET, AL.

34  797
57  406

[FILED JUNE 11, 1892.]

Negotiable Instruments: BONA FIDE PURCHASER. A prom-
issory note was given to an agent for a windmill. The agent
indorsed the note and transferred it to the windmill company
to be applied on his general account. The company afterwards
transferred it to its general agent, who took it in satisfaction of
a debt, paying the full value thereof. The windmill proved de-
fective. *Held*, That the testimony tended to show that the
plaintiff was a *bona fide* purchaser of the note for value before
maturity and without notice, and that the most that could be
said of the proof impugning his right was that it raised a sus-
picion of bad faith, but was wholly insufficient to found a ver-
dict for the defendant upon.

ERROR to the district court for Nemaha county. Tried
below before APPELGET, J.

*G. B. Beveridge,* for plaintiff in error, cited: *State Natl.
Bank v. Haylen,* 14 Neb., 480; *Lowe v. Higgenbotham,* 13
Pac. Rep. [Kan.], 790; *Hawkins v. Wilson,* 32 N. W. Rep.
[Ia.], 416; *Harrison v. Baker,* 15 Neb., 43; *Simpson v.
Armstrong,* 20 Id., 512; *Dunbier v. Day,* 12 Id., 597;
*Juergens v. Thorn,* 40 N. W. Rep. [Minn.], 559; *Erben
v. Lorrillard,* 19 N. Y., 302; *Furst v. R. Co.,* 72 N. Y.,
546; *Miller v. Ottaway,* 45 N. W. Rep. [Mich.], 666;
*Davis v. McCready,* 72 Am. Dec. [N. Y.], 462; *Koehler
v. Dodge,* 31 Neb., 328; *Roberts v. Lane,* 18 Am. Dec.
[Me.], 242; *Dobbins v. Oberman,* 17 Neb., 166; *Heard
v. Bank,* 8 Id., 15; *Magee v. Badger,* 34 N. Y., 247;
*Lake v. Reed,* 4 Am. Rep. [Ia.], 210; *Chapman v. Rose,*
15 Am. Dec. [N. Y.], 401; *Phelan v. Moss,* 5 Am. Dec.
[Pa.], 402; *Miller v. Filley,* 12 Am. Dec. [Mich.], 306;
*Helms v. Douglas,* 45 N. W. Rep. [Mich.], 1009; *N. Y.
Iron Mines v. Bank,* 6 Id., 823; *Belmont Bank v. Hoge,*
35 N. Y., 65; *Murray v. Lardner,* 2 Wall. [U. S.], 110;

*Merchants Bank v. McClelland,* 13 Pac. Rep. [Colo.], 723; *National Bank of Republic v. Young,* 7 Atl. Rep. [N. J.], 488; *Davis v. Seeley,* 38 N. W. Rep. [Mich.], 901; *Johnson v. Way,* 27 O. St., 381; *Smith v. Livingston,* 111 Mass., 345.

*W. H. Kelligar,* and *Stull & Edwards, contra,* cited: *Dobbins v. Oberman,* 17 Neb., 163.

MAXWELL, CH. J.

This is an action upon a promissory note as follows:

"$5.                    AUBURN, NEB., Nov. 20, 1889.

" Ten months after date, for value received, we, or either of us, promise to pay to the order of Geo. Hays eighty-five dollars, with interest at the rate of ten per cent per annum, payable annually from date until paid; should any of said interest not be paid when due, it shall bear interest at the rate of ten per cent per annum from the time the same becomes due.    Negotiable and payable at the First National Bank of Auburn, Neb.

"P. O. address, Howe, Neb.

" No. 748.    Due Sept. 20, '90.

                                        "W. B. JOHNSTON."

The note contained the following indorsement:

                                        "Nov. 21, 1889.

"I hereby guarantee the payment of the within note and waive protest.                    G. W. HAYS."

Hays was the agent at Auburn of the Duplex Windmill Company, and sold a windmill of that company to Johnston for $85. Upon receiving the note he indorsed the same as above, and sent it to the windmill company and was credited the amount thereof on his general account. There appears to have been some defect in the mill and Mr. Hays repaired it a number of times. The difficulty appears to have been the tendency in either a light or strong wind to be thrown out of gear. In a strong wind it was frequently thrown out so violently as to break

Martin v. Johnston.

some of the small rods.    Whether the defect was in the machine itself or in the manner of putting it together does not appear; nor is the proof as to the complaints made to the company very satisfactory.    Mr. Hays testifies that he notified the company that the mill was not working properly, but the exact character of the notices, or the times they were sent, does not appear.    Johnston did not notify the company directly until he had torn the mill down.    He places the time the latter part of January, 1890, but cannot fix the date.    No attempt was made to procure a copy of the letter sent, so that his proof depends upon mere recollection.    On the part of the windmill company it is testified positively that the letter from Johnston was received March 20, 1890; that on the 17th of that month they had transferred the note to the plaintiff.    The proof tends to show that the plaintiff is a *bona fide* purchaser of the note for its face value before maturity and without notice.    In his testimony he states in detail that he took the note in settlement of royalties due him from the company for his patent in feed grinders, but not connected with a windmill like that sold to Johnston, and in this he is corroborated by several other witnesses.    The testimony also shows that he had been general agent of the company for several years, but this proof was not connected in any manner with the defect in the mill in question.    The most that can be said of the proof to impugn the plaintiff's right of recovery is that it raises a suspicion that he may have known of the defects in the machine, but is wholly insufficient to found a verdict upon.    The company is bound by its warranty and must comply therewith or suffer the consequence, but the plaintiff is entitled to recover on the note in question. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.