Forbes v. Petty.

abuse of discretion.    The decree of the district court is in all things

AFFIRMED.

THE other judges concur.

GEORGE W. FORBES v. EDWARD PETTY.

37 899
50 748

FILED OCTOBER 17, 1893.   No. 4891.

1. **Pleading:** REMEDY FOR DEFECT.   Where a pleading is sufficient in substance, but wanting in form or completeness, the remedy is by motion, and not by demurrer.

2. **Conversion:** PLEADING: DEFENSE OF ARBITRATION AND SETTLEMENT: EVIDENCE.   In an action for the value of property alleged to have been converted by the defendant, the answer was "That * * * the defendant had a full and complete settlement, and a full and complete arbitration and settlement, of all matters and things in dispute, which settlement and arbitration included all matters and things in controversy between plaintiff and the defendant at the time, and, more especially, the matter referred to in the petition." *Held*, To present the issue of settlement as a distinct and separate defense, and that the defendant is not confined to proof of the arbitration alleged.

3. **Evidence** examined, and *held* sufficient to sustain the judgment of the district court.

ERROR from the district court of Douglas county.   Tried below before CLARKSON, J.

*H. D. Estabrook* and *Charles E. Clapp*, for plaintiff in error.

*Gregory, Day & Day* and *W. W. Morsman, contra.*

POST, J.

This was an action by the plaintiff in error in the district court of Douglas county to recover the value of twenty-

two calves and their increase, alleged to have been con-
verted by the defendant in error in the spring of 1880.
The answer contains several defenses, but one of which
will be noticed, viz.: " That in the year 1881 this defend-
ant had a full and complete settlement, and a full and
complete arbitration and settlement, of all matters and
things in dispute, which settlement and arbitration in-
cluded all matters and things in controversy between
plaintiff and defendant at the time, and, more especially,
the matter referred to in the plaintiff's petition."

The controversy concerning the calves grew out of the
following facts: In the year 1878, Petty, the defendant in
error, who was in the employ of Forbes, the plaintiff in
error, caring for certain cattle on the range in the then ter-
ritory of Dakota, made a contract to purchase from the
latter twenty-five cows. Although said agreement was
never consummated by payment or change of possession of
the cows, Petty, in the spring of 1880, claiming to own
them, branded their offspring, the calves in controversy, as
his own. In the year 1881, there being other contentions
between the parties, it was mutually agreed to submit certain
matters, to arbitration. The allegation of the answer that
all matters of difference were thus submitted is unsupported
by the proof, since it is clear that the question now at issue
was not thus submitted. At the trial below the defendant
was permitted by the court to prove that at the time of the
arbitration the plaintiff's claim on account of the calves
was settled by an agreement of the parties, in substance,
that the former should relinquish all claim to the cows and
calves, and that the latter should take them as they then
were on the range, gather them himself, and brand them
with his own brand. Objection was made to the introduc-
tion of this proof, which was overruled, and the ruling of
the court thereon presents the first question for our consid-
eration.

It is claimed by the plaintiff that the only question at

issue is that of the arbitration. On the other hand it is contended by the defendant that he is not confined to the arbitration alleged, but that his answer presents as well the issue of settlement, as a distinct and separate defense in no way depending upon the question of arbitration. We agree with counsel for the defendant that the proof of settlement was rightly admitted under the issues. When tested by an objection in the nature of a demurrer it is clear that both defenses are sufficiently alleged in the answer. Had it been assailed by a motion for a more specific statement of the matters alleged therein, such objection would have been well taken. Where a pleading is sufficient in substance, but wanting in form or completeness, the remedy is by motion, and not by demurrer. This rule is too well settled to require the citation of authority.

It is argued that the verdict is against the clear weight of evidence, and that the motion for a new trial should have been sustained on that ground. The evidence is certainly conflicting. The defendant testifies substantially as above stated, and is corroborated by Fowler, an apparently disinterested witness, who says, referring to the alleged settlement: "And among other things, the cows or heifers that Petty was supposed to have agreed upon to purchase in 1879 or 1880, and their offspring, was determined not by the arbitrators, however, as Petty and Forbes, at the time of the arbitration, made an agreement that the cows and calves were not to go into the arbitration, but were to be turned back to Forbes on the ranch by Petty; Forbes having authority from Petty to counter-brand the calves that had been branded the year previous." They are, however, contradicted by the plaintiff, who is corroborated by the following letter:

"HOT SPRINGS, April 7, '83.

"Mr. Forbes—DEAR SIR: I have an offer to sell my cattle, and before I do so, and in order to have no hard feelings, I now write to you to know what you will take

for those eighteen head of two-year-olds in my brand, from the fact that if I sell it will be by book tally, and it will save lots of trouble for me to pay for those cattle. Please write soon, and oblige.

"Yours truly, E. PETTY."

This letter is explained by the defendant as follows : In the spring of 1883 he was about concluding a sale of his cattle as they ran on the range to the proprietor of a neighboring ranch when the manager thereof, who had heard of the controversy growing out of the branding of the calves above referred to, made the offer, otherwise satisfactory, conditioned that the defendant would "clear the matter up." He then, to use his own language, "wrote Mr. Forbes, expecting to pay him a certain amount of blood money to settle the difficulty,—to hush the matter up." This explanation, while not entirely convincing, evidently satisfied the jury, and is not so radically inconsistent with the theory of the defense as to warrant interference by us.

There are other assignments of error, but they merely present different phases of the two questions we have considered. We find no error in the record and the judgment is

AFFIRMED.

THE other judges concur.