CHARLES S. ROBERTS, APPELLANT, V. FRANK E. SAMSON ET AL., APPELLEES.

FILED MARCH 3, 1897. No. 7118.

1. Pleading: DEMURRER. An objection in the nature of a general demurrer will not lie to a pleading sufficient in substance but wanting in form or completeness.

2. ——: ——. It is not a sufficient objection to a pleading when assailed by a general demurrer that it lacks definiteness of expression, or that the facts are therein stated in an argumentative form; but it will be *held* to charge what can by reasonable and fair intendment be implied from the statements thereof.

3. **Mortgages: PAYMENT: PLEADING.** Answer examined, and *held* to charge a satisfaction of the mortgage debt, which, not being put in issue by the reply, must be taken as true.

APPEAL from the district court of Cuming county. Heard below before NORRIS, J. *Affirmed.*

*Tiffany & Vinsonhaler, Ferry & Small,* and *Dawes, Coffroth & Cunningham,* for appellant.

*T. M. Franse, contra.*

POST, C. J.

This was an action by Charles S. Roberts in the district court of Cuming county by which he sought to foreclose a certain real estate mortgage executed by Frank E. Samson and wife to the Lombard Investment Company for the principal sum of $1,700 and interest from date, to-wit, February 28, 1890, at the rate of six and one-fourth per cent per annum, as evidenced by the bond and coupon notes of the said Frank E. Samson, and to which action the Valley Loan & Trust Company and Waldo E. Whitcomb were also joined as parties defendant. To the petition, which is in the usual form, Whitcomb answered, admitting the execution of the aforesaid bond and coupon by Samson, and alleging that J. T. Meyers, before whom, as county clerk of Cuming county, the said mortgage purports to have been acknowledged, was not in fact at the date of the certificate thereto, to-wit, March 1, 1890, the clerk of said county, and that said pretended acknowledgment is without authority and void, and that the said mortgage was accordingly not entitled to record in Cuming county. Another allegation of the answer to which especial prominence is given in the briefs of counsel is the following: "The defendant, for answer to paragraph eight of the petition, says: He admits that no proceedings at law have been had for the recovery of said debt, and denies that said debt has not been paid and denies each allegation of said paragraph except as specially admitted,

and avers the fact to be that heretofore, to-wit, on the 20th day of August, 1891, said negotiable real estate mortgage bond described in paragraph one of plaintiff's petition was fully paid and cancelled by the execution and delivery by the defendants Frank E. Samson and Harriet E. Samson to the Valley Loan & Trust Company of a quitclaim deed of the premises described in plaintiff's petition on condition and in consideration that said mortgage bond be cancelled and that the mortgage hereinafter declared upon be assumed and paid by the grantee named in said deed, which deed was duly recorded in the clerk's office of Cuming county, Nebraska, in book X of deeds on page 46, and was duly indexed and said grantee named in said deed went into immediate possession of said premises and have been, and are now, in the possession of said premises under said deed, and rent said premises and receive the rents and profits thereof and have neglected and refuse to pay the defendants' note and mortgage described in the following cross-petition:" Accompanying the foregoing answer is a cross-bill, in which is alleged the execution by the Samsons to Jacob Brememan, under date of March 1, 1890, of a mortgage upon the premises in controversy to secure the four notes of the mortgagors named in the sum of $421.67 each, and the purchase in good faith by the answering defendant of said notes and mortgage without actual notice of the rights of the Lombard Investment Company, or its assigns, under and by virtue of the mortgage herein first described, with a prayer for foreclosure and for a decree adjudging said mortgage to have priority over the lien of the plaintiff's mortgage. There was also interposed a reply, in which it is first alleged that the officer who certified to the acknowledgment of the plaintiff's mortgage was, at the date in question, clerk of Thurston county, and that such certificate was in all respects in due and legal form to entitle the said mortgage to record in Cuming county; second, that Whitcomb, the answering defendant, should not be heard to allege any irregularity in the acknowledg-

ment of the plaintiff's mortgage for the reason that the
mortgage to Brememan is, by its terms, made subject and
subordinate to the lien in favor of the plaintiff's assignor,
the Lombard Investment Company, and for the further
reason that the rights of the said defendant were acquired
subsequent to the commencement of this action and after
the filing of a *lis pendens* notice of the plaintiff's claim in
the premises.   There is, however, in the reply, no allusion
to the paragraph of the answer above set out, either by
way of denial or avoidance.   Upon the issues thus joined
a hearing was had before the district court, resulting in
a decree substantially as proved by the defendant Bige-
low, adjudging his mortgage to be a first lien upon the
premises in controversy, and from which an appeal has
by the former been prosecuted to this court.

   The first inquiry suggested by the argument is the suffi-
ciency of the foregoing allegation as a plea of payment or
accord and satisfaction.   The answer is, it must be con-
fessed, lacking in that degree of precision essential to a
model pleading even under our liberal code system.   But
is it so deficient in substance as to be vulnerable when
tested by means of a general demurrer?   We think not.
It is not enough, when a pleading is thus assailed, that
the facts are imperfectly stated, that it lacks definite-
ness of expression or that the facts are argumentatively
averred, but it will be held to charge what can be implied
upon the statements therein by reasonable and fair in-
tendment.   (*Marie v. Garrison*, 83 N. Y., 14; *Rothburn v.
Burlington & M. R. R. Co.*, 16 Neb., 441; *Tessier v. Reed*, 17
Neb., 105; *Forbes v. Pelty*, 37 Neb., 899.)   "Contrary to
the common law rule," as said by Dixon, C. J., in *Morse v.
Gilman*, 16 Wis., 504*, "Every reasonable intendment and
presumption is to be made in favor of the pleading, and
it will not be set aside on demurrer unless it be so fatally
defective that, taking all the facts to be admitted, the
court can say they furnished no cause of action what-
ever."   While it is not in terms alleged that the contract
relied upon was made with the holder of the first mort-

gage, or through the Valley Loan & Trust Company as
the authorized agent of such holder, it is expressly
charged that the mortgage bond was fully paid and can-
celed in consideration of the conveyance by the Samsons
of the mortgaged premises to said loan and trust com-
pany.  The reasonable and necessary inference from that
statement of the answer is that the consideration for the
conveyance by the mortgagors was the promise of the
holder of the bond and coupons instead of a stranger
thereto.  The paragraph quoted from the answer accord-
ingly states a defense to the cause of action alleged, and
which, not being put in issue by the reply, must be taken
as true.  It follows that the decree of the district court is
right and must be

AFFIRMED.