FIRST NATIONAL BANK OF COBLESKILL, NEW YORK, V.
L. A. PENNINGTON ET AL.

FILED JANUARY 19, 1899.   No. 8640.

1. **Pleading:** DEMURRER TO ANSWER.   Upon a demurrer *ore tenus* to an answer during the trial the latter should be liberally construed.

2. ——: ——: USURY.   An answer or plea, in defense, of the usurious nature of the contract evidenced by the note in suit *held* sufficient against an attack by demurrer *ore tenus* during trial.

3. **Negotiable Instruments:** BONA FIDE PURCHASERS.   One who purchases negotiable paper before maturity in the usual course of trade and for a valuable consideration and in ignorance of facts which would affect its force as between the original parties to it is an innocent purchaser.   (*Dobbins v. Oberman*, 17 Neb. 163.)

4. ——: ——: EVIDENCE.   To defeat his recovery thereon it does not suffice to prove that the purchase was with knowledge of circumstances which should have excited suspicion in the mind of a prudent person; the proof must go to the extent that the purchase was with knowledge of such circumstances or facts as show want of honesty or bad faith on his part.   (*Dobbins v. Oberman, supra.*)

ERROR from the district court of York county. Tried below before BATES, J. *Reversed.*

*Gilbert Bros.*, for plaintiff in error.

*Harlan & Taylor* and *George B. France, contra.*

HARRISON, C. J.

Action was instituted to recover an amount alleged to be due the bank as indorsee from the adverse parties herein upon a promissory note. In the answer filed there was what was presented for a plea of usury in the inception of a stated number of transactions between the State Bank of Lushton and the defendants, in each of which there was given and taken a promissory note, each subsequent to the first, being but a renewal of the prior indebtedness and, as was the first, tainted with usury. The reply was a general denial of the new matter of the answer. A trial of the issues resulted in a verdict for the defendants, and the plaintiff has prosecuted an error proceeding to this court. At the inception of the introduction of evidence there was a demurrer *ore tenus* to the answer, which was overruled, and it is now urged that the answer did not contain a plea of usury, and the court erred in its ruling on the demurrer.

The answer was probably not as specific and complete a plea, or connected set of pleas, of the usury sought to be interposed as a defense in the action as might have been framed, but liberally construed, as it must be against an attack by demurrer of the stage of proceedings in a cause that the one herein was, the answer contained a sufficient plea of the usurious nature of each transaction to which it referred, also of them considered connectedly, or as a whole.

One of the questions raised by the answer and litigated as an issue was the character of the ownership of the plaintiff of the note in suit,—whether it was an innocent

or *bona fide* purchaser of the same. On this subject there was given by request of the defendants the following instruction: "An innocent purchaser of negotiable paper entitled to protection as such is one who has acquired the paper in good faith for value, without notice of usury, or any facts or circumstances which, if inquired into, would reveal the fact that the contract was usurious." This embodied a wrong statement. The plaintiff might have possessed knowledge of some circumstance which, if inquired into, would have revealed that the notes it was purchasing of the State Bank of Lushton were usurious. It might have known facts which created a suspicion of the nature of the contracts evidenced by the notes, and yet have been a good-faith or innocent purchaser. Its knowledge of facts and circumstances, to deprive it of the protection of the rule, must have been of a kind and quality to show bad faith, want of good faith and honesty, in the purchase. (See 4 Am. & Eng. Ency. of Law [2d ed.] 300, 301 and note 1; *Rublee v. Davis*, 33 Neb. 779; *Martin v. Johnston*, 34 Neb. 797; *Dobbins v. Oberman*, 17 Neb. 163; Tiedeman, Commercial Paper sec. 289; 2 Daniel, Negotiable Instruments 767-773.) The instruction quoted stated the rule too broadly and should not have been given; and in view of the evidence in the case we cannot say that it was without prejudice to the rights of the complainant. The judgment must therefore be reversed and the cause remanded.

REVERSED AND REMANDED.