JOHN F. DAILEY, ADMINISTRATOR, V. BURLINGTON & MISSOURI RIVER RAILROAD COMPANY.

FILED APRIL 6, 1899. No. 9611.

1. **Master and Servant:** RISKS OF EMPLOYMENT. An employé assumes the ordinary risks of his employment.

2. ———: CONTRIBUTORY NEGLIGENCE: DAMAGES. Notwithstanding a party has negligently placed himself in a position wherein he is exposed to injury, if another, after discovery of such condition, inflicts the injury by reason of failure to exercise ordinary care to avoid it, the former may have an action for damages against the latter.

3. ———: ———. A section-boss and men in charge of and running a hand-car on the track of a railway company remained on the track and attempted to remove the hand-car and prevent its endangering the safety of an approaching train and the persons thereon. Such facts alone were not conclusive of their contributory negligence.

4. **Pleading:** CONSTRUCTION: DEMURRER. A pleading may be said to

allege what can by reasonable and fair intendment be implied from its statements, and when assailed by general demurrer all it states is to be considered as admitted, and unless, when viewed in the light of the foregoing rule, there is no cause of action stated, the pleading must be upheld.

ERROR from the district court of Douglas county. Tried below before DICKINSON, J. *Reversed.*

*John D. Ware* and *T. J. Mahoney*, for plaintiff in error.

*Greene & Breckenridge* and *J. C. Kinsler*, contra.

HARRISON, C. J.

This action was instituted by the administrator of the estate of William T. Dailey, deceased, to recover the damages alleged to have resulted from the negligence of the company by which the death of William T. Dailey was caused on February 17, 1896, while he was an employé of the company as what is termed a "section-boss," and engaged in the performance of his duties. To the petition there was interposed a general demurrer, which on hearing was sustained and the action dismissed, and a petition in error has been presented to this court in behalf of the plaintiff in the suit.

The petition was a somewhat extended and lengthy statement of the occurrences and circumstances upon which the action was predicated, and we deem it best not to quote it in full and to state herein but a few of the main facts. On February 17, 1896, William T. Dailey and two "section-men," employés of the company, went over a portion of the line of the company's road upon a hand-car, a part of the section to which they were employed to attend and keep in good condition. At the particular time in question the men were engaged in what is not inaptly termed in the petition "a required tour of inspection" of the particular part of the section of the line of road over which they then passed or ran the hand-car. They went to the northern termination of the section, and

there they stopped and looked northward along the line, in which direction they had a free and unobstructed view for a distance of about one-half of a mile. They could see no train or car approaching them from that direction, nor could they hear the sound of any. A section of a northerly-bound train had passed them, or had been seen by them, which had displayed a signal which to parties who understood it, of whom were the section-boss and men, signified that there was a second section of the train running on the same time as the first and which might be expected over the road from the south any minute or time. It was then due. With these matters in mind they started to run the hand-car southward a distance of about 900 feet to reach a place where there was a highway crossing of the railway where it would be suitable and convenient to remove the hand-car from the track, if it became necessary, and await the passage of the section of the train which was expected from the southern direction, but before they reached the highway crossing they were overtaken by a locomotive with one car attached coming from the northward and running at a high rate of speed, of the approach of which they were not properly warned; that they, after they became aware of the proximity of the locomotive, attempted to remove the hand-car from the track, but for lack of time could not do so. They stepped aside, the hand-car was struck by the engine, thrown from the track and against Dailey, and he was so injured by being struck by it that within a few minutes thereafter he died. The foregoing is but a summary of some of the main circumstances pleaded in the petition, in which was an amplified narrative of the matters, main and collateral, which connectedly constituted the alleged cause of action. There were also allegations of negligence attributed to the company and the absence of negligence of the plaintiff.

The contentions in regard to the insufficiency of the petition, according to the arguments advanced here, may be said to have been that the section-boss, as an employé

of the company, when he entered the employment, assumed all the ordinary risks incident thereto; that plaintiff's decedent, William T. Dailey, was, at the time of the occurrence, one result of which was his death, guilty of negligence, which primarily caused the accident or event, · by running the hand-car southward on the track without watching or looking to the northward for an engine or a train, and also, after discovery of the approach of the locomotive, in attempting to remove the car from the track. In the examination of a pleading assailed by general demurrer. it is to be borne in mind that all the facts are admitted, and all reasonable and fair intendments which can be implied from its allegations are to be indulged. (*Roberts v. Samson*, 50 Neb. 745.) It is true, as asserted by the counsel for the company, that an employé enters and continues the employment with the assumption of the risks ordinarily attendant upon the particular employment (*Chicago, B. & Q. R. Co. v. McGinnis*, 49 Neb. 649); and William T. Dailey assumed the risks ordinarily incidental to the performance of the duties and labor of· a section-boss. In the argument on this branch of the case there is much said relative to the manner of the operation of the road, the running of trains regular and special, and many other things about which there is nothing in the pleading under consideration. These, if answered or shown in evidence, such of them as might be competent would be effective, but can have no force here in the argument on the demurrer. We are now confined to what appears from what is stated in the petition and are, by the demurrer thereto, given the force of admitted facts, and from these it cannot be successfully asserted that there was shown assumption of risks which entered into and were elemental of the event, one issue of which was the death of William T. Dailey, and which assumption would effectually bar the action. With what may be alleged in defense or shown in evidence we do not now have to deal. These must appear in subsequent stages of the proceedings in the suit, if they are ever reached.

The statement of the manner in which the section-boss and his men started to run the hand-car from the northern end of the section 900 feet to the highway crossing, and the circumstances and facts connected with such action, were duly detailed in the petition, and it was further stated connectedly that after the engineer on the locomotive which threw the hand-car from the track discovered the situation of the section-boss and his men, he failed to exercise ordinary care to avoid the occurrences which resulted in the injury of which complaint was made in the petition, or, in other words, that he was negligent, and the result was the accident and injury. It has been said: "Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. The essence of the fault may lie in omission or commission. The duty is dictated and measured by the exigencies of the occasion." (*Baltimore & P. R. Co. v. Jones,* 95 U. S. 439.) The question of the existence of negligence is usually one of fact for the jury; where it. is entirely clear, it is of law for the court, but when all the allegations of the pleading attacked by the demurrer relative to the situation at the place on the track from which the section-boss and the other men started on the hand-car to run 900 feet to the highway, together with all the pleaded concomitant facts and circumstances, and their reasonable and fair intendments are connectedly considered, it cannot be said as a matter of law that the plaintiff was negligent, but must be said that there was a statement under which the plaintiff was entitled to present the matter in evidential form and have the decision of a jury. If for the sake of the argument it be conceded that William T. Dailey was negligent, the further question to which we have before alluded is presented, of the alleged want of exercise of ordinary care by the engineer after it is averred he had discovered the perilous situation of the section-boss and the other men. It is a well-

established doctrine that notwithstanding a person may have so placed himself as to be liable to injury, yet if another, after knowledge of the fact, inflict injury because of the failure of the latter to exercise ordinary care to avoid it, the former may recover damages. (*Union P. R. Co. v. Mertes*, 35 Neb. 204; *Omaha Street R. Co. v. Martin*, 48 Neb. 65; *Brotherton v. Manhattan Beach Improvement Co.*, 48 Neb. 563.) Viewed in the light of the above rule, it cannot be said that it was clearly shown by the facts pleaded that there had been the exercise of ordinary care on the part of the engineer, and there was such matter on this point in the pleading attacked as called for answer and evidential exposition.

Relative to the pleaded position of the parties at the time the attempt was made to remove the hand-car from the track just before it was struck by the locomotive, within the doctrine of this court announced of a similar set of circumstances there was sufficient pleaded to entitle the plaintiff to introduce his evidence and have the facts then passed upon by the court, or, if the evidence sustained the statements in the pleading, to have the verdict of the jury thereupon. The rule of this court to which we have just referred is to the effect that it cannot be said that the section-boss and the men were negligent in a contributory sense because they stayed on the track and attempted to take the hand-car therefrom, that it might not obstruct the way of the coming engine and car and jeopardize the safety of the approaching train and lives of persons thereon. (*Omaha & R. V. R. Co. v. Krayenbuhl*, 48 Neb. 553.) We must reach the conclusion that there was a cause of action stated in the petition. The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.