WHITFIELD SANFORD, APPELLEE, V. ALFRED S. LITCHEN-
BERGER ET AL., APPELLANTS.

FILED SEPTEMBER 18, 1901.   No. 9,631.

1. **Defective Petition:** UNCERTAIN AVERMENTS. A petition is not fatally defective merely because its averments could have been made more certain.

2. **Objection to Defective Pleading Must Be Raised in Trial Court.** Objection that a pleading is indefinite in its allegations should be raised in the trial court by a motion to make more definite and certain.

3. **Double Interest Stipulation in Note Enforceable.** Where a note stipulates for a lawful rate of interest from date, and a higher and lawful rate of interest after maturity, both are contract rates and are enforceable. *Havemeyer v. Paul*, 45 Nebr., 373.

4. **Insurance Stipulation in Mortgage.** Where a mortgage provides that the mortgagor shall keep the buildings insured for the benefit of the mortgagee, the latter is entitled to be reimbursed for insurance premiums paid by him.

5. **Possession of Note Evidence of Ownership.** Possession of a negotiable promissory note is *prima facie* evidence of ownership.

APPEAL from the district court for York county. Heard below before SEDGWICK, J.   *Affirmed.*

*M. Meeker,* for appellants.

*M. B. Reese, contra.*

NORVAL, C. J.

This is an appeal from a decree foreclosing two real estate mortgages covering the same land given by the defendants, Alfred S. Litchenberger and Julia E. Litchenberger, to one James W. Stratton.

The first contention in this court is that the first count of the petition does not state a cause of action, because it does not contain an allegation as to which defendant plaintiff claimed was in debt on the cause of action. This criticism upon the pleading lacks merit. The first count is

upon a note and mortgage for $1,500. The note and interest coupons attached thereto are set out *in hæc verba* in the pleading, and are signed by the defendant Alfred S. Litchenberger alone. It is averred that he executed the notes and coupons and that "defendant has not paid the sum secured by said mortgage * * * and there is now due from the defendant to the plaintiff upon said notes and mortgage the said sum of $1,860, with interest," etc. This was sufficient after decree, notwithstanding there was more than one defendant in the cause, to disclose that Alfred S. Litchenberger was the party whom plaintiff claimed was indebted to him on the first cause of action. The pleading was sufficiently specific in that respect, and if it were not, the appropriate course would have been to have moved in the court below for an order on the plaintiff to make his pleading more definite and certain. No such motion was interposed, and the objection now comes too late.

The principal note set forth in the first count of the petition was as follows:

"YORK, NEBRASKA, April 7, 1891.

"On the 7th day of April, 1896, I promise to pay to James W. Stratton, or order, fifteen hundred dollars with interest from this date until paid at the rate of eight per cent. per annum, payable annually, as per coupons hereto attached. Value received. Principal and interest payable at York, Nebraska. Should any of said interest not be paid when due, it shall bear interest at the rate of ten per cent. per annum, payable annually from time same becomes due, and upon failure to pay any of said interest within thirty days after due, the holder may elect to consider the whole note due, and it may be collected at once. This note to draw ten per cent. after maturity.

"ALFRED S. LITCHENBERGER."

In the decree interest was allowed on the foregoing note at the rate of ten per cent. after the maturity of the obligation, of which action of the trial court complaint is now made. The fair and reasonable interpretation of the note

is that it should draw interest until maturity at eight per cent. and ten per cent. interest thereafter. Interest was so computed and allowed in the decree which is in accordance with the rule announced in *Havemeyer v. Paul*, 45 Nebr., 373.

Alfred S. Litchenberger had taken out a policy of insurance on the mortgaged premises, loss payable to mortgagee. A note was given for the premium, which Litchenberger failed to pay at maturity, and plaintiff paid the same, and the amount thereof was allowed him in the decree. Defendants urge that in this the trial court erred because the petition discloses that plaintiff did not pay the premium note until after the foreclosure suit was brought, and no supplemental petition was filed setting up such payment. The suit was instituted on March 19, 1897, and the petition avers that the premium note was paid by plaintiff on March 30, 1897. This last date was doubtless erroneously stated in the pleading, since the note was paid before, and not subsequent to, the commencement of the suit. The allowance of the amount of this premium note was proper. The mortgage stipulated that the mortgagor should keep the buildings on the mortgaged premises insured for the benefit of the mortgagee, and as the failure to pay the premium note was ground for cancellation of the policy, plaintiff had the undoubted right to pay the amount thereof to protect the insurance. Under the mortgage he could have taken out a new policy and the costs thereof would have been a lien upon the property. He paid the amount due on the note instead of taking out a new policy to perpetuate the insurance, and the amount thus paid is proper charge against the land. *White v. Atlas Lumber Co.*, 49 Nebr., 82.

It is insisted that there is no competent evidence that plaintiff was the owner of the notes secured by the mortgages in suit. The notes purported to be indorsed by Mr. Stratton, the payee. J. M. Bell testified that the signatures of Stratton on the back of the notes were genuine. However, plaintiff had possession of the notes in question

and procured and introduced them at trial, which was sufficient evidence of his ownership, in the absence of a contrary showing. *McDonald v. Aufdengarten,* 41 Nebr., 40.

We have examined the evidence contained in the bill of exceptions and find that the amount awarded plaintiff by the decree is not excessive, and fully supports the findings of the trial court. The decree is right, and is accordingly

AFFIRMED.

SULLIVAN, J., absent, not voting.