CLYDE C. CARLILE, APPELLEE, V. REUBEN J. BENTLEY, APPELLANT.

FILED MAY 21, 1908.   No. 15,160.

1. **Appeal:** PLEADING: SUFFICIENCY. Where a pleading has been attacked for the first time in the appellate court, and a strict grammatical construction thereof would be contrary to the plain and obvious intent of the pleader, and would substantially defeat the action, the pleading should be liberally construed so as to give effect to the intent and purpose of the pleader.

2. **Pleading:** CONSTRUCTION: DAMAGES. In an action to recover for personal injuries, where facts have been alleged which would show several elements of damages, the last one being for $25 incurred for medical attendance, which is immediately followed by

Carlile v. Bentley.

an averment that plaintiff was thereby damaged in the sum of $2,043; such allegation construed, and *held* that it was the intent of the pleader to charge that the amount of damages was the result of the several elements of damages alleged, and that the petition should not be construed so as to limit the recovery to the item of medical attendance.

3. **Trial:** DAMAGES: INSTRUCTIONS. In an action for personal injuries, it is error to submit to the jury the question of damages for loss of time, when there is no evidence of the value of the time lost. The value of such lost time must be proved by what wages the plaintiff usually and ordinarily received, and not by what he received in an isolated instance.

4. ————: WITHDRAWAL OF DEFENSE FROM JURY. It is proper for the trial court to withdraw from the consideration of the jury any affirmative defense pleaded that is not sustained by any evidence.

5. **Damages:** EVIDENCE. In an action for personal injuries, it is not proper for the plaintiff to prove the number and ages of children that he has dependent upon him for support.

6. **Appeal:** EXCLUSION OF EVIDENCE. Error of the trial court in excluding evidence cannot be successfully urged in the appellate court, where no offer of proof was made after the sustaining of the objections to the questions.

7. ————: EVIDENCE: REVIEW. Where evidence that is not properly admissible has been received in evidence over objections to a question, but where there is nothing in the form of the question to indicate that the evidence would be inadmissible, the aggrieved party cannot complain, unless he moves to strike out and withdraw from the consideration of the jury the objectionable testimony.

8. **Damages:** EVIDENCE. In an action for personal injuries, it is improper to permit a medical witness to testify that such an injury as that complained of might become a permanent injury. The inquiry should be confined to the reasonably probable effects of the injury complained of.

9. **Action for Damages:** ASSAULT AND BATTERY: INSTRUCTIONS. In an action for damages resulting from an assault and battery inflicted upon the plaintiff by the defendant, it is not proper to instruct the jury that a crime has been committed, and to define the crime of assault and battery.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Reversed.*

*Dorsey & McGrew,* for appellant.

*George W. Prather, contra.*

GOOD, C.

This action was brought by plaintiff to recover damages resulting from an assault and battery inflicted upon him by defendant, and for expenses incurred for surgical and medical attendance in treating his wounds. The defense tendered in the answer was, first, a general denial; second, that at the time of the injury complained of the defendant was threatened and assaulted by the plaintiff, who, it is alleged, was a trespasser upon the premises of the defendant, and was resisting the defendant in the lawful exercise of his authority thereon, and that the defendant used no more force than was necessary to repel the attacks of the plaintiff and remove him from the premises of the defendant, and to defend and protect the person and property of the defendant. The reply was a general denial. The plaintiff had judgment, and the defendant appealed.

From the record it appears that the defendant was the owner of a hotel property in Bloomington, Nebraska, and that in September, 1905, he entered into a written contract with the plaintiff, which provided that the plaintiff should operate, conduct and manage the hotel for the defendant; that plaintiff should employ all necessary help, and provide everything necessary for the running of the hotel, except the furniture; that he should collect all that was due from the guests of the hotel, and should pay over to the defendant the sum of $7 a week, and that plaintiff should retain all the remainder of the income of the hotel for his services. It was further stipulated that the defendant should have full and complete possession of the hotel and all the furniture therein, and that plaintiff should not claim any right or interest in the hotel property as tenant, leaseholder, or otherwise. The contract

also provided that it might be terminated by either party upon one day's written notice to the other party. On Saturday night, the 7th of October, 1905, defendant served a written notice upon the plaintiff to the effect that he would terminate the contract in 24 hours. On Monday morning following he demanded possession of the premises, and a controversy ensued in the dining room of the hotel. There was a dispute as to whether plaintiff would surrender possession at once, and there was a personal encounter, in which no one seems to have been injured. Defendant left the hotel with the avowed purpose of having the plaintiff and his family arrested. A few minutes later he returned, and the parties to the action met in the office of the hotel. It appears that other members of plaintiff's family were making some demonstration toward the defendant, and there is a dispute in the testimony as to whether plaintiff was about to assault the defendant with his fists. It appears that bystanders interfered, and that defendant struck the plaintiff on the head with a heavy iron poker and felled him to the floor. This appears to have been the only blow that was struck in the second controversy. The result of the blow on plaintiff's head was to inflict a wound about four inches long, which cut through the scalp and periosteum, and produced some depression in the skull. The evidence tends to show that plaintiff was a reasonably vigorous and robust man, about 56 years of age, and that he had no business or profession other than that of a common laborer, except during the time that he operated the hotel. It appears that he was unable to perform any labor of any consequence for a period of about three months after the injury, and that for a long time thereafter he was nervous, unable to sleep well, suffered from severe headaches, and was unable to perform labor that required stooping or bending over, without causing him great pain in the head. The jury awarded damages in the sum of $725.

The first assignment of error relates to the sufficiency of the petition to recover for any element of damages

other than the sum paid for medical attendance. That part of the petition relating to the injury and damages sustained is as follows: "That on the 9th day of October, 1905, the defendant unlawfully made an assault upon the plaintiff, and him, the said plaintiff, did then and there beat, wound, and illtreat by striking plaintiff on the head with a heavy iron stove poker, whereby a deep and dangerous incision about 3½ inches in length was cut in the plaintiff's head, inflicting such a shock upon plaintiff, and so bruising, wounding and injuring him, that ever since said injury, to wit, for the last three months, plaintiff has been unable to attend to his business, and has ever since said injury and by reason of the same suffered great pain of body and mind, and said injuries are of a permanent nature; second, that plaintiff was compelled to expend for the services of a physician and surgeon in dressing and caring for said wound the sum of $25, to plaintiff's damage in the sum of $2043."

Defendant contends that the petition does not allege that the plaintiff sustained any damages other than that occasioned by the payment of the bill for medical attendance in the sum of $25. With this view we cannot concur. The petition is not artistically drawn, and, if a strict grammatical construction were given to it, there might be some merit in this contention. But, taking the petition as a whole, we think it is apparent that the pleader intended to aver that he had sustained damages in the sum of $2,043, not by reason of expense for medical attendance alone, but on account of all the facts alleged in the petition, including the bill for medical services. To follow the contention of the defendant, and to hold that the petition alleged that the plaintiff was damaged in the sum of $2,043 by reason of the payment of the sum of $25, and to hold that the allegation of damages had no relation to the other part of the petition, would be to follow the strict letter, and disregard the substance and plain intent of the pleader. The petition is far from being a model of excellence, but to our minds it is sufficient to

show that it was the intent and purpose of the pleader to allege that the damages sustained were occasioned by reason of the assault and injury inflicted, and included pain, suffering, loss of time, etc., as well as the payment of $25 for medical attendance. Prior to the filing of the answer the defendant filed a motion to require the plaintiff to make his petition more definite and certain, by setting out in what respect plaintiff's alleged injuries were permanent in their nature, the kind of business the plaintiff was engaged in, the earnings or profits plaintiff was accustomed to derive from his business, and the amount of damages which he claims to have suffered from being unable to attend to his business. This motion was overruled. Defendant insists that this motion was sufficient to challenge the sufficiency of the petition to the defect now complained of, but it appears to us rather that the motion was intended to require the plaintiff to specify the nature and extent of his injuries, and to itemize his elements of damages, and that it would not reach the defect now complained of. The rule is that, where a pleading is attacked for the first time in the appellate court, it will be construed liberally in favor of the pleader. We think the trial court properly refused to limit the recovery to the one element of damages for medical attendance.

Defendant complains because the court submitted to the jury as an element of damages loss of earnings in plaintiff's business, upon the grounds that the petition was insufficient to entitle the plaintiff to recover for such element of damages. The theory of this contention is that loss of time or loss of earnings is special damages and must be specially pleaded. It will be conceded that special damages cannot be recovered unless specially pleaded, but we do not think that the loss of time or the loss of earning capacity can be said in this case to come under the head of special damages. Where special damages are claimed for a personal injury, the only difficulty lies in the proper application of the rule that all of the

results of the act or injury complained of need not be set forth in detail to be admissible, so long as such results are necessarily or legally implied from the injury alleged; while the effects that are not the natural and necessary results of the injury complained of constitute special damages and must be specially pleaded. 13 Cyc. 185. Where the injury alleged will necessarily render the person less capable of performing his usual business duties, proof of the impairment of his general earning capacity may ordinarily be given under the general allegations of the injury and damages resulting therefrom, such as the inability to attend to his ordinary business, without any special averment as to the nature of the plaintiff's occupation or employment. And loss of time and of earning capacity may be proved without a special allegation, if the injury suffered would necessarily import a loss of time. 13 Cyc. 187, 188. We think the injury complained of here was such as to necessarily import a loss of time, and the allegation in the petition was for a loss of three months' time, so that the allegations of the petition were sufficient in this respect.

Defendant also complains because the court submitted to the jury the element of the loss of time, upon the ground that there was no proof in the record as to the value of the plaintiff's time. There appears to be merit in this complaint. The record discloses that, generally speaking, the plaintiff had been a common laborer; but there was no proof as to the value of his time, except that for a short period he had worked for a bridge company at 25 cents an hour. The value of one's time lost cannot be proved by evidence of wages that one had received upon some special occasion. There is no proof in the record that the plaintiff could or would have earned anything during the three months that he is alleged to have been incapacitated. Under these circumstances, there was nothing by which the jury could measure or determine the value of the time alleged to have been lost by reason of the

49

injury. Before plaintiff can recover for time lost it must be shown that he was deprived of something of value, and the value of that something must be shown. It must not be left to the jury to infer or determine from speculation. If plaintiff sustained any loss in this particular, it was capable of proof, and, in the absence of this proof, it was improper to submit this element of damages to the jury for its consideration.

Complaint is made of the sixth instruction given by the court. This instruction was to the effect that the plaintiff was in rightful possession of the hotel property, that the contract between the parties was simply a lease of the premises, that the notice was insufficient to terminate the lease, and that the plaintiff was not a trespasser upon the defendant's premises, and that the defendant would not be justified in using any force whatever in removing the plaintiff from said hotel, and directed the jury to disregard the defense that plaintiff was a trespasser upon the defendant's property, and that defendant used no more force than was necessary to remove him. We think the contract falls far short of being a lease, but whether it amounted to a lease is wholly immaterial in this case. The evidence discloses that the injury complained of was not inflicted in any attempt by the defendant to remove the plaintiff from the hotel. It is clearly shown that the injury was inflicted in anger and as the result of a previous quarrel. It is true that the quarrel arose out of the termination of the contract, but the injuries were not inflicted in the course of any attempt to remove plaintiff from the defendant's premises. It was therefore immaterial whether the contract amounted to a lease, or whether the notice was sufficient to terminate the contract, and it was proper for the court to withdraw this particular defense from the consideration of the jury, because it had no support in the evidence.

Defendant complains because the plaintiff was permitted to prove the number and ages of children he had dependent upon him for support. In an action of this

character the recovery is limited to such damages as the injured party himself has sustained, and any evidence as to the number of his family or the number of children dependent upon him for support is immaterial and foreign to any issue in the case. The tendency of such evidence is to inflame the minds of the jurors and arouse their sympathies, and thus unduly enhance the amount of the recovery. Such evidence was neither relevant nor material, and its admission was prejudicial error. *Pennsylvania Co. v. Roy*, 12 Otto (U. S.), 451; *Kreuziger v. Chicago & N. W. R. Co.*, 73 Wis. 158; *Kansas City, Ft. S. & M. R. Co. v. Eagan*, 64 Kan. 421. Defendant next contends that there was error in refusing to permit him to testify what his motive was in striking the plaintiff. It is not apparent how the motive of defendant could have been material. In any event, no error could be predicated upon this refusal, because no offer of proof was made, and we are unable to say that any evidence that was properly admissible has been excluded.

Complaint is also made of the admission of certain evidence by the witness Dunn, who was permitted to answer the following question: "State whether you had a conversation with Mr. Bentley, in regard to getting Mr. Carlile out of the hotel, on the morning of October 9, 1905, and, if so, state what that conversation was"—to which the defendant objected as immaterial, irrelevant and incompetent. This objection was overruled, and the witness answered that Bentley had said: "That is the cheapest way to get him out." We are unable to say that this evidence was prejudicial, and there was nothing in the question to show that the answer would be immaterial and irrelevant, and no motion was made to strike it out after it was answered. Where a question has been propounded to a witness, and the question does not indicate that the evidence sought to be elicited will be objectionable, it is not error for the court to overrule the objections thereto. If the answer discloses that the evidence is objectionable, the objecting party should then move to.

have the evidence stricken out and withdrawn from the consideration of the jury. This the defendant failed to do.

Complaint is made because the trial court permitted Doctor Sumner to answer, over objections, the following question: "Doctor, I will ask you if, in your opinion, that wound was such an injury as a permanent injury might result from? A. Yes; all that class of injuries might make a permanent injury." A similar question was propounded to another medical witness, and a like answer returned. We think the admission of this evidence was erroneous. To recover for any permanent injuries such permanent injuries must be proved. This evidence did not tend to show that plaintiff had sustained any permanent injury or that such result was probable by reason of the wound inflicted. To admit such evidence is to permit the jury to wander into a wide domain of speculation and to found their verdict in part upon remote possibilities. What the result of the injury was, or what in reasonable probability it would be, and not what it possibly might be, was what the jury should have determined.

Complaint is made of the third instruction given by the court on its own motion. It is in the following language: "The basis of plaintiff's claim is founded upon an assault and battery inflicted upon him by the defendant, and you are instructed that an assault and battery is the unlawful striking, beating or wounding another, and it matters not how much force is used in the unlawful act, as the laying on of hands, striking, or beating or wounding another unlawfully would constitute the crime of assault and battery." This instruction defined the crime of assault and battery, and informed the jury that the action was founded upon it. While we are not able to say that this instruction was prejudicial to either party, it was not necessary that the jury should be informed that a crime had been committed, if they found for the plaintiff. The jury were not concerned with whether or

not a crime had been committed, but only with the questions of whether or not the defendant had wrongfully inflicted an injury upon the plaintiff, and the extent of his damages in consequence thereof. It is possible that the jury might be misled by such an instruction, and make the amount of recovery in part a penalty for the crime, while the amount of recovery should be limited strictly to compensatory damages. Upon a retrial this instruction should be modified or entirely omitted.

Because of the prejudicial errors committed by the trial court and herein pointed out, we recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.