Strilka v. Margolin.

---

LUDMILA STRILKA, APPELLEE, v. LOUIS MARGOLIN ET AL., APPELLANTS.

FILED JULY 1, 1925.   No. 23172.

1.  Appeal: EVIDENCE: REVIEW.  While an aggrieved party cannot

upon review complain of erroneous evidence received over his objections, unless he moves to strike it out, this applies only where there is nothing in the form of the question or in the form of the objection to indicate the vice to be guarded against, and when, also, the reviewing court cannot say that the evidence was prejudicial.

2. ———: INSUFFICIENT EVIDENCE. Where the evidence is obviously insufficient to sustain the verdict, because the same is received upon a hypothetical question which does not reflect the allegations of the petition, the verdict cannot stand and the judgment of the trial court must be reversed.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Reversed.*

*Weaver & Giller,* for appellants.

*Baker & Ready* and *J. E. Von Dorn, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, THOMPSON and EVANS, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

On the 12th of November, 1920, Margolin Brothers, the defendants, owned a picture house which had been fitted up and leased for a long term in advance at $100 a month. The lessees had put in chairs, piano, picture machine and what not, and were conducting a show there daily. The plaintiff, who was in the market for a picture show, had approached defendants, having learned from the lessees that they were the owners of the building, and after several days of negotiation offered them $8,000 for the whole plant, building, equipment, show and good-will. And on that day, the said 12th of November, 1920, defendants agreed in writing to sell to plaintiff at said price, provided they could buy out the lessees at $1,250. This they were able to do, and did, and subsequently in accordance with said written agreement they conveyed the property to plaintiff, taking $5,000 in cash and a mortgage on the property for $3,000 to secure the remainder.

Afterward, having been unsuccessful in running the picture show, the plaintiff sued the defendants for $20,000

Strilka v. Margolin.

damages, alleging that they had induced her to make the purchase through false and fraudulent representations to the effect that the show had been taking in from $150 to $200 daily upon an expense of from $25 to $30 a day, when in fact its gross income had been scarcely more than $10 a day, while its daily expense was in the neighborhood of $60 a day.

Answer was filed by the defendants, generally and specifically denying this, and thereafter upon issue duly joined trial was had, resulting in a verdict of $16,150 in favor of the plaintiff. The court ordered a remittitur of all in excess of $10,000, which remittitur was promptly made; and thereupon motion for a new trial was overruled and judgment was entered against the defendants for $10,000 and costs.

From this judgment defendants have appealed, assigning some 30 errors on the part of the trial court. All of these have been considered with care, not omitting a close reading of the voluminous briefs and record.

The judgment of the district court must be reversed and a new trial ordered because of error in the reception of the plaintiff's expert testimony as to the value of the picture show, supposing the representations of the defendants were as set forth in the petition.

In attempting to establish the value of the property, as it would have been had the show been as profitable as it was represented to be, the plaintiff called expert picture-show men and asked them what the value of the show would have been, assuming that all during the summer and up to the time of the sale it took in from $150 to $200 a day and operated at an expense of $6 or $7 a day. The answers ran from $20,000 to $50,000. In each case there was due objection, and in the case of Van Husen, who answered that the show would have been worth $50,000, the objection to the question was that it was incompetent, immaterial, irrelevant, and meeting no issue in the case and sustaining no element of damages in the case. This objection was good because, notwithstanding the fact that there was evidence on the

part of plaintiff's witnesses that representation had been made that the show was operated on an expense of $6 or $7 a day, the plaintiff's petition alleged that the representation was that the expense was $25 to $30 a day, and the petition was not amended to conform to the facts or to the evidence.

The court is not unmindful that it has hitherto held in the case of *Carlile v. Bentley,* 81 Neb. 715, and others, that, where the question does not disclose to the court the particular vice objected to, the objector must move to strike the answer, in order to avail himself of the error upon review. But in the foregoing objection it is obvious that the court was sufficiently apprised of the vice aimed at, for it must be presumed that the court, as well as the attorney for the plaintiff, knew the substantive allegations of the petition upon which the suit was founded. Under such circumstances it cannot be said that the doctrine of the case cited applies. The objection was necessarily good because a hypothetical question of this kind must reflect the allegation of the petition upon which recovery is sought.

But even if this were not so, the fact remains that the verdict, based upon this testimony, is not sustained by sufficient evidence. The evidence is to an entirely different state of facts than that upon which the plaintiff was proceeding. The question and answer were grossly prejudicial to the defendants. The answer does not prove, or tend to prove, the allegation of the petition and the verdict stands without support in the evidence.

The same vice inheres in similar questions propounded to the other expert witnesses, Pramer and Kirk. Where the evidence is obviously insufficient to sustain the verdict, because the same is received upon a hypothetical question which does not reflect the allegation of the petition, the verdict cannot stand and the judgment of the trial court must be reversed.

The court is also of the opinion that upon a retrial of the case the court should receive in evidence the checks, receipts and contracts offered for the purpose of showing

that the picture show, as distinguished from the building, was originally owned by the lessees, Dorsey and Walker, and for the purpose of supporting the testimony of the defendants Margolin that he was not at plaintiff's house at all times during business hours of the 9th, 10th and 11th of November, 1920, as was testified by the plaintiff and her relations. We think that this is corroborative evidence of the testimony of the defendant, and that, while the refusal of the judge to receive the same was not such prejudicial error as would of itself work a reversal of the case, the defendants were entitled to have the same .received in corroboration of their testimony.

For the reasons above stated, the judgment of the district court is reversed and the cause remanded.

REVERSED.