FRED A. NYE, APPELLANT, V. WARD W. ADAMSON, APPELLEE.

FILED APRIL 30, 1936. No. 29488.

*N. P. McDonald, George I. Craven* and *Nye & Nye,* for appellant.

*Hamer & Tye, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ., and CHASE, District Judge.

EBERLY, J.

This is an action at law to recover damages for personal injuries occasioned by an automobile collision occurring on May 5, 1933, prosecuted by Fred A. Nye, as plaintiff, against Ward W. Adamson, as defendant. A trial to a jury resulted in a verdict for the plaintiff in the sum of $611. From the order of the trial court overruling his motion for

a new trial, plaintiff appeals. No cross-appeal has been filed by the defendant.

Both the evidence and the verdict of the jury unquestionably establish actionable negligence on part of defendant. The appeal presents substantially two errors, viz.: First, inadequacy of the recovery; and, second, errors of the trial court which resulted in a denial to plaintiff of his right to establish the full extent of the damages he suffered.

The damages sustained by plaintiff were pleaded in his amended petition, on which the case was tried, in the following language: "That by reason of the injuries sustained by the plaintiff as above set forth, he suffered great shock, pain and anguish; that he has not recovered from said injuries and still suffers sharp pains, particularly in the right side or top of his head, which pains pass away and a dull headache around the forehead and down between the right eye and the right ear and on the left side of his head which occur every day and every night and more severely when plaintiff exercises more than usual, or in riding in an automobile on a graveled road or in riding in a train, and greatly interferes with his business which is that of practicing law; that said injuries are permanent and thereby plaintiff has suffered damage in the sum of $10,000."

The allegations of this amended petition were not challenged either by motion to make more definite and certain or by formal demurrer in writing.

Issues were joined by the defendant in his answer to this pleading, which, so far as concerns the portions above quoted, amounted to a general denial.

Upon trial of the cause, after the jury had been impaneled and sworn, and the taking of evidence had been commenced, the sufficiency of the allegation, viz., "and greatly interferes with his business which is that of practicing law," in connection with the context above quoted, was first raised by the defendant and presented to the court in a discussion which occupies substantially three pages of the bill of exceptions. Defendant's fundamental objection to the portion of the amended petition last quoted, presented to the dis-

trict court, amounted to a general demurrer *ore tenus* to the language above quoted, to which it was addressed. His contention was substantially based on the proposition that special damages, to be provable, must be specially pleaded; and that the language of the amended petition attacked was wholly insufficient to plead special damages which the facts that plaintiff was then seeking to prove really constituted.

The trial court clearly adopted defendant's views and applied them thereafter during the introduction of evidence, and in his fifteenth instruction given to the jury, on his own motion, stated: "You are instructed that it is not plead in the petition or shown by the evidence that plaintiff is earning less money since the accident than he did before. You therefore cannot allow him damages on account of such item." In so doing the trial court committed reversible error.

Section 20-804, Comp. St. 1929, provides, in part: "The petition must contain: * * * Second. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition; Third. A demand of the relief to which the party supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated; and if interest thereon be claimed, the time from which interest is to be computed shall also be stated."

The result of the construction and application of this and similar Code provisions is the well-established rule, viz.: "In an action for personal injury suffered, the plaintiff may recover all the damages proximately caused by the tort, under a general allegation of the whole of the amount of damage caused. And so, the plaintiff is entitled to recover damages for any impairment of his capacity, as a previously healthy person, to earn money, as well as for expenses incurred for medical treatment, under a general averment of damage." 1 Bancroft, Code Pleading, 285, sec. 166.

The application of the general rule just quoted by courts generally achieves results wholly at variance with the results attained by the trial court in the instant case.

Thus, in *Frobisher v. Fifth Avenue Transportation Co.*,

30 N. Y. Supp. 1099, the opinion reads, in part: "It is alleged in the complaint that the plaintiff 'has become disabled for life to such an extent as to seriously interfere with the active prosecution of his business.' This is certainly not a very specific allegation of special damages resulting from an injury to the plaintiff's business, but it was sufficient to give defendant notice that an attempt would be made to recover such damages; and, if it had desired a more definite allegation, it should have moved that the complaint be made more definite and certain in this particular."

In support of the doctrine so announced, *Ehrgott v. Mayor, etc., of City of N. Y.,* 96 N. Y. 264, is cited by the New York court. In the *Ehrgott* case the court of appeals of New York, in its opinion, says of the complaint or petition then before it: "It alleges that he (plaintiff) suffered great bodily injury; that he became, and still continues to be, sick, sore and disabled; that he was obliged to spend large sums in attempting to cure himself, and was prevented for a long time from attending to his business, and that he was otherwise injured to his damage $25,000." Under such allegations the plaintiff was allowed in the trial court to testify, over objections, to the amount of his annual earning. On appeal the admission of this testimony was approved. See, also, *Fox v. Chicago, St. P. & K. C. R. Co.,* 86 Ia. 368, 53 N. W. 259; *Dickens v. City of Des Moines,* 74 Ia. 216, 37 N. W. 165; *Evertson v. McKay,* 124 Minn. 260, 144 N. W. 950.

Our own decisions necessarily tend to support the principles above announced. Thus, we are committed to the rule that, "Where the objection to a petition, that it does not state a cause of action, is not interposed until after the commencement of the trial of the case, the pleading will be liberally construed and if possible sustained." *Chicago, B. & Q. R. Co. v. Spirk,* 51 Neb. 167, 70 N. W. 926. See, also, *Johnston v. Spencer,* 51 Neb. 198, 70 N. W. 982; *Peterson v. Hopewell,* 55 Neb. 670, 76 N. W. 451; *Norfolk Beet-Sugar Co. v. Hight,* 56 Neb. 162, 76 N. W. 566; *First Nat. Bank of Cobleskill v. Pennington,* 57 Neb. 404, 77 N. W. 1084.

It also follows that the principle above announced is applicable not only to the pleading as an entirety, but also applies to each of the integral parts of which a pleading may be composed.

Indeed, it must be conceded that "A petition is not fatally defective merely because its averments could have been made more certain." *Sanford v. Litchenberger*, 62 Neb. 501, 87 N. W. 305. Likewise, it must be admitted that "Objection that a pleading is indefinite in its allegations should be raised in the trial court by a motion to make more definite and certain." *Sanford v. Litchenberger, supra.*

So also, this jurisdiction is committed to the view that pleadings in civil actions are properly held to charge what can by reasonable and fair intendment be implied from the statements thereof. *Roberts v. Samson*, 50 Neb. 745, 70 N. W. 384; *Jaynes v. Omaha Street R. Co.*, 53 Neb. 631, 74 N. W. 67; *Dailey v. Burlington & M. R. R. Co.*, 58 Neb. 396, 78 N. W. 722; *Sorensen v. Sorensen*, 68 Neb. 483, 94 N. W. 540.

Further: "It is not error to submit testimony to a jury in a law action on a material issue that has not been specifically pleaded where such issue has been generally pleaded." *Anderson v. Chicago, B. & Q. R. Co.*, 102 Neb. 497, 167 N. W. 559.

In the light of these principles of construction, it would seem, under the special circumstances of the instant case, so construing, in connection with the context, the words, "greatly interferes with his business which is that of practicing law; * * * and thereby plaintiff has suffered damage in the sum of $10,000," as actually charging what can by reasonable and fair intendment be implied therefrom, substantial injury to business is by the pleader generally alleged, sufficiently to permit the introduction of any evidence of a nature calculated to establish the same, including evidence as to earnings and of decreased earning ability.

This practice, was, in principle, expressly approved in *Carlile v. Bentley*, 81 Neb. 715, 116 N. W. 772: "That part of the petition relating to the injury and damages sus-

tained is as follows: 'That on the 9th day of October, 1905, the defendant unlawfully made an assault upon the plaintiff, and him, the said plaintiff, did then and there beat, wound and illtreat (here follows description of the physical wounds and injuries inflicted) ; that ever since said injury, to wit, for the last three months, plaintiff has been unable to attend to his business, and has ever since said injury and by reason of the same suffered great pain of body and mind, and said injuries are of a permanent nature, * * * to plaintiff's damage in the sum of $2,043.' "

It appears that at the trial of the *Carlile* case, evidence of loss of earnings in plaintiff's business was, over objections of defendant, introduced. This was challenged by the defendant on appeal as erroneous. Good, C. (now of the court), in delivering the opinion of this court, in answer to this contention, stated in part: "Defendant complains because the court submitted to the jury as an element of damages loss of earnings in plaintiff's business, upon the grounds that the petition was insufficient to entitle the plaintiff to recover for such element of damages. The theory of this contention is that loss of time or loss of earnings is special damages and must be specially pleaded. It will be conceded that special damages cannot be recovered unless specially pleaded, but we do not think that the loss of time or the loss of earning capacity can be said in this case to come under the head of special damages. Where special damages are claimed for a personal injury, the only difficulty lies in the proper application of the rule that all of the results of the act or injury complained of need not be set forth in detail to be admissible, so long as such results are necessarily or legally implied from the injury alleged ; while the effects that are not the natural and necessary results of the injury complained of constitute special damages and must be specially pleaded. 13 Cyc. 185. Where the injury alleged will necessarily render the person less capable of performing his usual business duties, proof of the impairment of his general earning capacity may ordinarily be given under the general allegations of the

injury and damages resulting therefrom, such as the inability to attend to his ordinary business, without any special averment as to the nature of the plaintiff's occupation or employment. And loss of time and of earning capacity may be proved without a special allegation, if the injury suffered would necessarily import a loss of time."

We do not commend the amended petition in the instant case as a model to be followed, nor do we determine whether the same would or would not be vulnerable to a motion for a more specific statement.

However, it is obvious, that in view of the surrounding circumstances, and the form in which the question is presented in the instant case, the principles announced by Judge Good in the *Carlile* case, in harmony with the doctrine of the authorities heretofore cited herein, are applicable and are here controlling.

The action of the trial court in giving instruction 15 on its own motion, as well as its practical exclusion of proof of loss of earning in plaintiff's business, on the ground that the amended petition was insufficient to support a recovery therefor, we deem reversible error.

The evidence has been carefully examined. We have determined that the amount of the recovery permitted by the jury's verdict is wholly inadequate. However, in view of the fact that the basis of a recovery on a retrial will be substantially different from that which prevailed at the first trial, no good purpose would be served by an extended analysis of the proof in the present record.

The judgment of the district court is therefore reversed and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.