[No. 8784.   In Bank. — December 28, 1885.]

HORATIO A. MORTON, APPELLANT, v. ADOLPH BARTNING, RESPONDENT.

STATUTE OF LIMITATIONS — PLEA OF — AMENDMENT. — The action as originally brought was founded upon an alleged written promise by the defendant to pay to the plaintiff a debt due him from a third person. At the trial the plaintiff was permitted to amend his complaint by adding a verbal promise by the defendant to pay the debt. *Held*, that the defendant was entitled to amend his answer by pleading the statute of limitations to the entire cause of action, and that his application to do so was not addressed to the discretion of the court.

APPEAL from an order of the Superior Court of the city and county of San Francisco, granting a new trial.

The facts are stated in the opinion.

*H. A. Powell,* for Appellant.

*A. C. Peachy,* and *James Wheeler,* for Respondent.

BELCHER, C. C.—This is an appeal by the plaintiff from an order granting the defendant a new trial.

The action was commenced to recover a balance due plaintiff for services rendered as physician and surgeon to the officers and employees of the Hormiguera Mining Company, a corporation, and which, as alleged in the

original complaint, the defendant, on or about the fifteenth day of October, 1878, for value received, agreed and promised in writing to pay.

The defendant, by his answer, denied that he ever agreed or promised in writing, or in any other manner, to pay the plaintiff's claim, or any part thereof.

On the first day of the trial, and after the plaintiff had been upon the stand as a witness for some time, plaintiff's counsel asked and obtained leave, against the objections of defendant, to amend the complaint, by inserting, " and that, by reason of a further promise by the defendant, verbally to the plaintiff, to answer for the said debt of said company to him, the plaintiff canceled the debt of said company to him, and accepted the defendant's promise as a substitute therefor."

At the opening of court on the second day of the trial, counsel for defendant asked leave to amend the answer by adding, "and for a further and separate answer to plaintiff's complaint the defendant alleges that the plaintiff's cause of action is barred by subdivision 1 of section 339 of the Code of Civil Procedure."

Without objection on the part of the plaintiff, the court refused to allow the amendment, on the ground that it came too late; and the defendant reserved an exception.

At the conclusion of the trial the court found, among other things, " that there was a written agreement on the part of the defendant to pay the debts of the Hormiguera Mining Company, and that in this written agreement there was a promise to pay said debt owing by said company to plaintiff; that defendant verbally promised plaintiff to pay said debt of said company to him, and in consideration thereof the plaintiff canceled the said debt of the said company to him; that said verbal promise was made upon consideration that the plaintiff should cancel said debt of the company, and that thereupon plaintiff did cancel said obligation of the company

to him, and accepted the new promise of the defendant therefor."

The motion for a new trial was made upon the ground that the evidence did not justify the decision, and of errors of law occurring at the trial, among which was specified the refusal to allow the amendment to the answer.

After granting the motion, the court filed a written opinion, in which it is said:—

"The only error committed by the court on the trial herein, in my opinion, was in refusing to allow the defendant to file the plea of the statute of limitations on the trial. The defendant should have been permitted to plead the statute of limitations to the amendment to the complaint, alleging the verbal promise."

It is now claimed for the appellant that the court erred in granting the new trial, for the reason that the application to amend the answer was addressed to the discretion of the court, and the exercise of that discretion could not become or be assigned as an error in law.

There can be no question that the general rule is, as stated by counsel, that the plea of the statute of limitations is not favored by the courts, and where a party omits to plead the statute, and goes to trial without doing so, although the claim proved against him is clearly barred on its face, he will be deemed to have elected to stand upon the other defenses, and will not be permitted to amend by adding the plea. (Wait's Prac. 65; Angell on Lim., sec. 285.)

But the rule invoked has no application in this case. Here the plaintiff during the trial amended his complaint, and the defendant then had a right to amend his answer, and his application to be permitted to do so was not addressed to the discretion of the court.

Nor do we think the amendment was rightfully refused, as claimed for the appellant, because it was a plea to the "plaintiff's cause of action," and not to the alleged

verbal promise alone. It was not refused for that reason, but because it came too late. The plaintiff's cause of action was a supposed right to recover from the defendant the amount of money claimed to be due him, and was rested upon an alleged written promise, and verbal promise to pay it. When, therefore, the plaintiff by his amendment gave the defendant the right to amend, we see no reason why he might not make his amendment as broad as he did make it.

It is not necessary to notice the other points made.

We think the order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.

Rehearing denied.