[S. F. No. 2344.   Department One.—December 9, 1902.]

## J. D. H. CHAMBERLAIN et al., Respondents, v. J. LOEW-ENTHAL, Appellant.

APPEAL—SUFFICIENCY OF COMPLAINT—ABSENCE OF SPECIAL DEMURRER.
—Where the complaint sufficiently states a cause of action to support the judgment for the plaintiffs appealed from by the defendant, no ground of objection to the manner in which the facts are stated, which should have been presented by special demurrer, will be considered upon appeal in the absence of such demurrer.

ID.—ABSENCE OF EVIDENCE—SUPPORT OF VERDICT—PRESUMPTIONS UPON APPEAL.—Where none of the evidence is set forth in the record upon appeal, it will be presumed in support of the verdict of the jury in the absence of any exceptions or objections of record, that the evidence before the jury fully justified their verdict, and that it was received without any objections from the defendant.

ACTION FOR SERVICES—BILL OF PARTICULARS—PLEADING—ANSWER.—In an action for services, a bill of particulars demanded by the defendant does not become a part of the complaint, as a pleading, which is the subject of answer; and special denials thereto were properly

stricken from the answer. The answer must respond to the allegations of the complaint as filed.

ID.—REFUSAL OF CONTINUANCE—INJURY NOT SHOWN.—Where the defendant, to whom a continuance was refused, does not show that he was precluded from introducing any evidence in support of his defense, or that he sustained any injury by the refusal of the court to continue the trial, its action must be sustained.

ID.—VARIANCE IN BILL OF PARTICULARS—PRACTICE—IMPROPER MOTION. —A variance between the bill of particulars and the allegations of the complaint is not ground for a motion prior to the trial to exclude all evidence relating thereto, and such motion was properly denied. An objection to evidence on the ground of variance may be presented at the trial.

ID.—AMENDMENT OF COMPLAINT—CHANGE OF DATES UPON ORIGINAL— ANSWER—INJURY NOT SHOWN.—It was not erroneous for the court to permit an amendment of the complaint by changing the dates between which the services were alleged to have been rendered, by writing the changed dates upon the face of the original complaint where the defendant was permitted to and did answer it as an amended complaint, and where no showing was made of any surprise or inability to present evidence in refutation of the plaintiff's claim as amended.

APPEAL from a judgment of the Superior Court of Humboldt County. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

J. W. Turner, and E. Sevier, for Appellant.

C. M. Wheeler, Frank McGowan, and L. F. Puter, for Respondents.

HARRISON, J.—Action for legal services rendered the defendant by the plaintiffs. Judgment was rendered in favor of the plaintiffs, and the defendant has appealed from the judgment. The judgment-roll upon which the appeal is presented consists of the pleadings, verdict, and judgment, and three bills of exceptions settled prior to the trial upon certain rulings made by the court.

1. The complaint sufficiently states a cause of action to support the judgment. The objections to its sufficiency are directed to the manner in which the facts upon which a recovery is sought are stated, rather than to the absence of such facts, and should have been presented by special

demurrer. The defendant did not demur, but answered the complaint, denying its averments, and also setting up certain counterclaims against the plaintiffs. None of the evidence is set forth in the record, and in support of the judgment it will be assumed "after verdict," in the absence of any exceptions or objections of record, that the evidence before the jury fully justified their verdict, and that it was received without any objection from the defendant.

2. Before the defendant answered the complaint, the plaintiffs, in response to a demand therefor, furnished him with a bill of particulars of the claim sued upon, and in the answer which he afterwards filed, in addition to denying that the aggregate value of the plaintiffs' services was as great as alleged by them, he denied that the value of each of the several items set forth in the bill of particulars was as great as was set forth therein. Thereafter, upon the motion of the plaintiffs, the court struck out the portions of the answer containing these special denials. In *Millet* v. *Bradbury,* 109 Cal. 170, it was said that a bill of particulars is to be regarded as an amplification of the complaint, and the defendant claims that by virtue of what is there said he was authorized to deny each of the items in the bill of particulars as fully as though originally set forth in the complaint. It does not follow from what was said in that case that the bill becomes a part of the complaint, or is to be treated as a pleading in the cause. A bill of particulars may be furnished before or after the defendant answers the complaint, and in either case the effect of furnishing the bill is to limit the evidence which the plaintiff may offer in support of his claim, but it does not require or authorize the defendant to specially plead thereto. His answer must respond to the allegations of the complaint as filed. In the present case the defendant in his answer to the complaint had presented the same issue which he also presented in detail in the portion which was struck out by the court. These special denials were therefore redundant, and the court was justified in making the order.

In the portion struck out, the defendant had also pleaded the statute of limitations to some of the items which had not elsewhere been set up in his answer. To this extent the court should not have granted the plaintiffs' motion, but as the

defendant before the trial of the cause filed an amended answer in which he pleaded the statute of limitations to the entire claim of the plaintiffs, this error was harmless.

3. The cause was set down for trial on April 2, 1900, and prior to that day the defendant moved the court to continue the trial to a day subsequent to the filing of the *remittitur* in the case of *Coonan* v. *Loewenthal,* then pending in this court. The reason assigned for the motion was the desire to offer in evidence the judgment in that action which, by reason of the appeal, would be inadmissible as evidence of any of the facts determined by it. On the hearing of the motion counsel for the plaintiffs stated that they would make no objection to the introduction of the judgment in that case, upon the ground that an appeal therefrom was pending. The counsel for the defendant refused to enter into any stipulation, or to make any agreement regarding the introduction of evidence in the case, and the court denied his motion. Whether the judgment was offered in evidence or not is not shown, and as the defendant does not show that he was precluded from introducing any evidence in support of his defense or sustained any injury by the refusal of the court to continue the trial, its action must be sustained.

4. The defendant also prior to the trial moved the court for an order directing the exclusion of all evidence on the part of the plaintiffs concerning certain items set forth in the bill of particulars furnished by them, upon the ground that they were not embraced within the allegations of the complaint. No reason was assigned for making the order, except that of a variance between the complaint and the bill of particulars, and, as that objection to the evidence could be presented at the trial, the court very properly denied his motion.

5. When the cause was called for trial the plaintiffs asked leave to amend their complaint by changing the dates between which their services were alleged to have been rendered. The court granted their motion, and the complaint was thereupon amended by writing the changed dates upon the face of the original. The defendant objected to this alteration, upon the ground that it would be in effect the institution of a new cause of action as to a portion of their claim, and that such mode of amendment was improper. There was no error in this pro-

ceeding. (See *Coonan* v. *Loewenthal,* 129 Cal. 197.) In granting the motion the court stated to the defendant that he could amend his answer if he so desired, and would let the answer on file stand in all other respects. The defendant thereupon filed an amended answer to the complaint as thus amended, and the cause proceeded to trial. No showing was made of any surprise or inability to present evidence in support of his answer or in refutation of the plaintiffs' claim.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.