[L. A. No. 3472.   Department Two.—June 5, 1915.]

# LINCOLN COUNTY BANK, Respondent, v. GEO. C. FET-TERMAN, Appellant.

Foreign Corporations—Noncompliance With Laws of this State—Leave to File Amendment to Answer Properly Refused.—In an action by a foreign corporation on a promissory note made outside of the state an amendment to the answer offered at the trial on information and belief denying that plaintiff corporation had complied with the law requiring a foreign corporation, doing business in the state, to file a copy of its articles of incorporation and a designation of an agent on whom process might be served, and alleging that plaintiff is now doing business in this state, is insufficient and it was proper to refuse leave to file it.

Pleading and Practice—Answer to Amended Complaint—Time Within Which to Answer—Continuance.—The time within which to answer to an amendment to a complaint amended at the trial rests within the sound discretion of the court, and defendant has not as a matter of right a period of ten days within which to answer it under section 432 of the Code of Civil Procedure or the right to a continuance for that purpose.

Id.—Effect of Code of Civil Procedure, Section 432.—Section 432 of the Code of Civil Procedure in declaring that the amendments to a complaint or the complaint as amended must be answered within ten days or such time as the court may prescribe is but a direction to compel the joining of issues within a reasonable time so as to expedite the trial of actions.

Id.—Allegation of Nonpayment—Discretion of Court as to Leave to File Amended Answer.—Where the allegation as to nonpayment of a promissory note was alleged in the complaint sufficiently to pass a general demurrer, but was amended at the trial so as to become more specific, and the answer alleged payment, it was not an abuse of discretion upon the part of the trial court to refuse to allow defendant to amend his answer as the same issue was already raised by the pleadings and defendant was not subjected to surprise.

Id.—Judgment-roll.—If the complaint is amended the original answer is not thereupon *functus officio*, but is the answer in the case until an amended answer is filed and such original answer is an essential part of the judgment-roll.

Id.—New Trial—Authentication of Notice—Defective Record on Appeal.—A notice of intention to move for a new trial not authenticated and not contained in any statement or bill of exceptions,

although printed in the transcript, renders the record insufficient upon which to consider the appeal from the order refusing a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

F. E. Davis, and H. C. Millsap, for Appellant.

Thomas A. Sanson, Duke Stone, and Phil Cass, for Respondent.

HENSHAW, J.—This action was brought against R. J. Pace, J. W. Pace, and Sid Pace upon their promissory note for three thousand five hundred dollars in favor of defendant George C. Fetterman. The complaint charged the execution of the note by the Paces to Fetterman and his indorsement of the note over to the plaintiff before maturity. It pleaded "that demand has been made by plaintiff upon the said defendants and each of them, for the payment of the amount due upon the said promissory note; that there has been paid plaintiff upon the principal sum of said note, the sum of fifteen hundred and twenty-six and 65-100 ($1526.65) dollars, and the interest thereon has been paid up to and including the twentieth day of June, 1911, leaving due and owing thereon to plaintiff from defendants, the sum of nineteen hundred and seventy-three and 35-100 ($1973.35) dollars, with interest thereon at the rate of one per cent per month from the twentieth day of June, A. D. 1911, until paid, and which amount, the said defendants and each of them, refuse and neglect to pay to plaintiff, although oft requested so to do." Plaintiff is a Nevada corporation and the note was executed in the state of Nevada. Judgment passed for plaintiff, and defendant appeals from that judgment and from the order denying its motion for a new trial. Under the answer filed to this complaint the cause came on for trial. At the time of the trial defendant offered the following amendment:

"This defendant is informed and believes and upon such information and belief alleges the fact to be that plaintiff is

doing business in this state and there has never been filed in the office of the secretary of state of the state of California, a designation by the plaintiff of some person residing within the state of California upon whom process issued by authority of or under any law of this state may be served; and there has never been filed in the office of the secretary of state of the state of California, a certified copy of plaintiff's articles of incorporation, if any there are; or of its charter, if any it has; or of the statute or statutes, or legislative, or executive, or governmental act or acts creating it, if any there are, duly certified by the secretary of state, or other officer authorized by the law of the jurisdiction under which such corporation is formed, if formed at all, to certify such copy; and there has never been filed a certified copy thereof, duly certified by the secretary of this state, in the office of the county clerk of the county where its principal place of business is located and also where such corporation owns property.''

The court refused defendant leave to file this amendment. It was not an abuse of discretion. The action was a simple action by a Nevada corporation upon a promissory note executed in Nevada against a defendant found in California. Without regard to the legality of the prohibition of section 410 of the Civil Code upon foreign corporations from maintaining actions in any of the courts of this state, it is sufficient to say that the amendment here offered was properly refused. It bears evidence upon its face that it is sham. It is not even alleged that plaintiff was doing business in the state before or at the time of the commencement of this action. The amendment alleges merely that defendant is informed and believes that plaintiff is now doing business in this state. The denial upon information and belief that the plaintiff corporation has complied with the law is insufficient. (*Mulcahy* v. *Buckley*, 100 Cal. 484, [35 Pac. 144]; *Zane* v. *Mining Co.*, 13 Cal. App. 295, [114 Pac. 1026].)

Upon the trial of the case, when plaintiff sought to introduce its evidence, defendant objected upon the ground that the complaint failed distinctly to aver nonpayment. It would appear from the paragraph quoted that even under the very strict rule adhered to in this state and expressed in *Barney* v. *Vigoreaux*, 92 Cal. 631, [28 Pac. 678]; *Ryan* v. *Halliday*, 110 Cal. 335, [42 Pac. 891]; *Richards* v. *Lake View*, 115 Cal. 642, [47 Pac. 683]; *Hurley* v. *Ryan*, 119 Cal.

71, [51 Pac. 20]; and *Knox* v. *Buckman*, 139 Cal. 598, [73 Pac. 428], there was a sufficient pleading of nonpayment to pass a general demurrer. As a matter of precaution, however, plaintiff sought and obtained leave to amend by adding to his complaint this language, "which amount is due and remains wholly unpaid." Upon the court granting leave to plaintiff so to amend, defendant's counsel moved the court for a continuance that he might plead to this amended complaint, stating that "he is not prepared to plead and meet the new issue raised at this time." The court denied this motion and its action in this regard constitutes the gravamen of the complaint upon this appeal.

Appellant's complaint in this matter is founded upon his assertion of an absolute right to plead anew to the complaint because it was amended. He founds this right upon section 432 of the Code of Civil Procedure and upon the general rule as stated in the cases (see *French* v. *Stewart*, 22 Wall. 238, [22 L. Ed. 854]), that an amendment of a bill gives a defendant a right to answer as if he had not answered before. He relies still further upon our own decisions. (*Elder* v. *Spinks*, 53 Cal. 294; *Morton* v. *Bartning*, 68 Cal. 306, [9 Pac. 146]; *Chamberlain* v. *Loewenthal*, 138 Cal. 50, [70 Pac. 932].) The rule governing the right to plead to an amended complaint is not as broad as appellant would have it. Nor yet is it so broad as is implied in *Morton* v. *Bartning*, 68 Cal. 306, [9 Pac. 146]. Section 432 of our Code of Civil Procedure in declaring that the amendments, or the complaint as amended, must be answered by the defendant within ten days, or such other time as the court may direct, is but a direction to compel the joining of issues within a reasonable time so as to expedite the trial of actions. It still rests within the sound discretion of the court as to whether any time shall be allowed to the defendant to answer, and whether or not time will be allowed will depend upon the nature and character of the amendment to the complaint. It states the rule too broadly, therefore, to say that because a complaint is amended, even in most trivial and unimportant particulars, the defendant has the absolute right to time and to the postponement of the case to plead to this amendment. The underlying proposition to be decided upon the facts of each case where the court has refused to allow time to the defendant or to allow an amendment is whether or not the court's discretion was

abused and the defendant injured thereby. In the present case, all that the plaintiff asked leave to do and did was to make more specific an allegation of nonpayment of a promissory note, which allegation was certainly sufficient to pass a general demurrer. It could not have taken defendant by surprise to have had this allegation of nonpayment made more specific. It could not have introduced any new element in the case which he was not prepared to meet. It could not have necessitated the procurement by him of witnesses or evidence which he did not have at hand. Defendant was not surprised. He does not here assert that he was surprised, but asserts merely that he had the right to time and to file a new pleading. But to this respondent makes further answer that the issue of nonpayment had been joined by the answer on file, which answer in terms pleaded payment. This plea of payment, coupled with the allegation of the complaint, presented the issue of payment or nonpayment, and cured whatever defect in this regard may have lain in the complaint. This being so, then the amendment raised no new issue and presented no new proposition which the defendant was called upon to meet and the court was absolutely justified in refusing leave to the defendant to amend. But appellant has not seen fit to bring up his original answer, standing upon the mistaken technicality that because the court allowed the plaintiff to amend in this trifling particular, his answer became *functus officio,* was absolutely superseded, was as though it had never been filed and formed no part of the judgment-roll. This appeal presents propositions of a narrow and technical nature, supported by no showing or offer to show hardship or injury. It may well be met, therefore, by the technical, but eminently sound, response which respondent makes, that the judgment-roll presented by the appellant is radically defective in failing to present the answer upon which the case was actually tried, and in presenting as a substitute an answer which the court refused to allow the defendant to file. The original answer was not only not eliminated by virtue of the amendment to the complaint, but was the answer joining the issues upon which the action was tried. It was an essential part of the judgment-roll. (*Redington* v. *Cornwell,* 90 Cal. 60, [27 Pac. 40].) Still further appellant's notice of intention to move for a new trial has not been authenticated and brought before this court by any state-

ment or bill of exceptions. The mere fact that it may have been printed in the transcript without proper authentication will not authorize this court to consider it. (*Pico* v. *Cohen,* 78 Cal. 384, [20 Pac. 706]; *Paige* v. *Roeding,* 96 Cal. 390, [31 Pac. 264]; *Skinner* v. *Horn,* 146 Cal. 63, [79 Pac. 597]; *Muzzy* v. *McEwen Lumber Co.,* 154 Cal. 686, [98 Pac. 1062].) In the absence of proper authentication there is presented no record upon the appeal from the order denying the motion for a new trial which can here be properly reviewed. (*Willow Land Co.* v. *Goldschmidt,* 11 Cal. App. 297, [104 Pac. 841].)

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.