[Civ. No. 3031.    Second Appellate District, Division Two.—December 3, 1919.]

C. W. QUACKENBUSH, Respondent, v. JAMES W. DARROUGH et al., Defendants; RAYMOND W. SMITH et al., Appellants.

[1] PLEADING—FILING OF DEMURRER—APPEARANCE.—The filing of a demurrer by given defendants constitutes an appearance by them.

[2] ID.—ACTION TO FORECLOSE MORTGAGE—RIGHT OF OWNERS TO SERVICE OF SUFFICIENT COMPLAINT.—In an action to foreclose a mortgage on real property, the owners of the land are entitled, if the land is to be sold under foreclosure decree, to have that done in the manner provided by law, and, accordingly, are entitled to the service upon them of a complaint which is at least invulnerable to general demurrer.

[3] ID.—NONPAYMENT—SUFFICIENCY OF ALLEGATION.—In an action to foreclose a mortgage given to secure the payment of a certain promissory note, an allegation "That no payments have been made on the principal, and no payments on the interest since the twentieth day of April, 1916, as provided for in said note and mortgage; and the principal mentioned in said mortgage and note, together with the interest thereon at the rate of seven per cent per annum from the sixteenth day of February, 1916, still remains due and unpaid from . . . [the makers of the note] to the plaintiff," is sufficient as against a general demurrer. It is not necessary to negative payment by a stranger, or to some person other than plaintiff.

[4] ID.—ERRONEOUS OVERRULING OF SPECIAL DEMURRER—NOT PREJUDICIAL ERROR.—The allegation of nonpayment in such an action having been sufficient as against a general demurrer, the judgment should not be reversed merely because the trial court may have erred in overruling a special demurrer.

APPEAL from a judgment of the Superior Court of San Diego County. W. R. Guy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sam Ferry Smith and Eugene Ferry Smith for Appellants.

F. G. Blood for Respondent.

THOMAS, J.—This is an action to foreclose a mortgage executed by defendants James W. Darrough and Susan E. Darrough, his wife, to plaintiff to secure the payment of a note for the principal sum of one thousand five hundred dollars, dated May 18, 1915, payable on or before five years after date. The defendants Raymond W. Smith and Mary E. Nelson Smith, his wife, are subsequent purchasers of the property from the defendants Darrough, and are made parties to the action for that reason.

All defendants were duly and legally served with summons and complaint. The defendants Darrough defaulted. The defendants Smith appeared and entered demurrer, which was general and special in its terms, and which, after presentation and consideration by the court, was overruled. The defendants Smith did not answer, but the judgment-roll does not disclose the filing or entering of their default for not so doing. Subsequently a decree of foreclosure was entered,

ostensibly against the defendants Darrough, as no mention is made therein of the defendants Smith, except the erroneous recital in the decree that "defendants Raymond W. Smith and Mary E. Nelson Smith not appearing"—when, as a matter of fact, both had appeared by filing a demurrer as aforesaid—and the further recital that they had been duly and legally served with summons, and that all the interest and estate of said defendants so served in said lands and premises, and all their right and title to the same, is subject and subordinate, etc.

The appeal is by the defendants Smith only, and from the judgment on the judgment-roll alone. The sufficiency of the complaint and the validity of the judgment are, therefore, before the court for review.

[1] That the filing of a demurrer by the defendants Smith constituted an appearance by them is, we think, not debatable. (*Hodgkins* v. *Dunham,* 10 Cal. App. 690, [103 Pac. 351]; *Dollar* v. *International Banking Corp.,* 10 Cal. App. 83, [101 Pac. 34]; *Maclay Co.* v. *Meads,* 14 Cal. App. 363, [112 Pac. 195, 113 Pac. 364]; *Altpeter* v. *Postal etc. Co.,* 26 Cal. App. 705, [148 Pac. 241]; *Clark* v. *Forbes,* 34 Cal. App. 524, [168 Pac. 155].)

Notwithstanding this fact, we think these appealing defendants are without standing in this court. They are mentioned in the decree only as already above set forth.

[2] Appellants contend that, being the owners of the land subject to the mortgage in question, they are entitled, under the law, if the land is to be sold under foreclosure decree, to have that done in the manner provided by law; and that, accordingly, they are entitled to the service upon them of a complaint which is at least invulnerable to general demurrer. And with this we agree. [3] But we think the complaint served in this action was such a complaint, although not as carefully drawn as might be desired. The allegation of nonpayment is as follows: "That no payments have been made on the principal, and no payments on the interest since the twentieth·day of April, 1916, as provided for in said note and mortgage; *and the principal mentioned in said mortgage and note, together with the interest thereon at the rate of seven per cent per annum from the sixteenth day of February, 1916, still remains due and unpaid from the said James W, Darrough and Susan E, Darrough to the*

*plaintiff.''* The italicized portion of the foregoing allegation is, we think, the saving clause. It is, in our opinion, a direct and sufficient allegation that all of the interest which accrued subsequent to February 16, 1916, remains *"unpaid"*; and this notwithstanding the fact that, according to the complaint, the quarterly payment of interest was not due until February 18, 1916, for a reason which must be obvious. Unless it can be successfully maintained that the allegation is insufficient merely because it alleges that the said principal and interest is unpaid from the defendants Darrough to the plaintiff, the complaint must be held to be sufficient. Notwithstanding the strict rule in this state, we think the objection to the complaint cannot be successfully maintained. It is not necessary to negative payment by a stranger, or to some person other than plaintiff. (*Sanford* v. *Lichtenberger,* 62 Neb. 501, [87 N. W. 305] ; *Lincoln County* v. *Fetterman,* 170 Cal. 357, [149 Pac. 811] ; 8 C. J. 882 et seq.)

[4] We think, therefore, the allegation of nonpayment sufficient as against a general demurrer, and, the special demurrer having been overruled and judgment given for plaintiff, that the judgment should not be reversed merely because the court possibly may have erred in so ruling. (*Alexander* v. *Central Lumber etc. Co.,* 104 Cal. 532, [38 Pac. 410] ; Const., art. VI, sec. 4½.)

For these reasons, coupled with the fact that appellants' attorneys have been frank enough to say that ''while such is our view of the result—and we want to be frank with the court on the point—we have taken the appeal only out of the abundance of precaution''—the judgment, we think, should be sustained.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.