[Civ. No. 5553. First Appellate District, Division Two.—March 11, 1927.]

# LESTER E. MORLOCK, Respondent, v. PAUL MARTIN FINK, Appellant.

[1] MONEY HAD AND RECEIVED—AGREEMENT TO LOAN MONEY—RECEIPT OF PORTION — FAILURE TO RETURN—EQUITY—ACTIONS.—Where the borrower, under a loan agreement, was to receive a specified amount of money and upon receipt thereof to give security for the loan, but received only a portion thereof, he could not keep the money in his possession indefinitely but was bound in equity and good conscience either to give security for as much money as he had received or to return it, and the lender could maintain an action for money had and received, even though the entire amount agreed upon had not been advanced.

[2] CONTRACTS—AGREEMENT TO LOAN SPECIFIC AMOUNT OF MONEY— BREACH OF CONTRACT — DAMAGES. — Where the lender, under an agreement to lend a certain entire amount, fails to lend the whole sum agreed, the borrower may claim damages for breach of contract.

[3] PLEADING — AMENDMENT TO CONFORM TO PROOF — DENIALS. — An amendment to conform to proof is deemed denied, and it is not error for the trial court to allow such an amendment without permitting defendant to file a new answer.

[4] MONEY HAD AND RECEIVED—CONTRACT TO LOAN MONEY—ABANDONMENT — FAILURE TO RETURN MONEY RECEIVED—JUDGMENTS.— In an action for money had and received, a judgment against defendant who received money under a loan agreement, which had been abandoned or could not be carried out, and who refused to furnish security as agreed or to return the money received, is not based upon an express contract, but upon the contract implied by law that defendant should return the money, which was in his possession only for the purpose of performing the agreement.

[5] ID. — REPAYMENT OF MONEY — FINDINGS — JUDGMENT. — In such action, where the judgment was based on the promise implied by law to repay the money, an additional finding of an express promise to repay will be disregarded as surplusage.

[6] ID.—PLEADING—SURPLUS ALLEGATIONS—JUDGMENTS.—Where judgment is given on a count for money had and received, surplus allegations added to that count may be disregarded.

3.   See 17 Cal. Jur. 188.
4.   See 17 Cal. Jur. 614; 2 R. C. L. 788.
5.   See 14 Cal. Jur. 978.

[7] ID. — IMPLIED PROMISE—FINDINGS. — In such action, where the judgment given was based on a promise implied by law, a finding on a count for money lent may be disregarded.

(1) 41 C. J., p. 35, n. 37.   (2) 13 C. J., p. 693, n. 4.   (3) 31 Cyc., p. 460, n. 73.   (4) 41 C. J., p. 52, n. 31.   (5) 4 C. J., p. 1057, n. 85. (6) 31 Cyc., p. 68, n. 76.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

Philip C. Boardman and Louis P. Dunkley for Appellant.

James M. Thomas for Respondent.

KOFORD, P. J.—The assignor of the plaintiff, Mrs. Vierhus, together with a Mrs. Tisney agreed to lend the defendant $5,000. Each was to contribute $2,500. Mrs. Tisney expressed doubt of her ability to raise her share, but the appellant claims the agreement was that the full sum of $5,000 was to be lent. Defendant agreed to give security for the loan by executing a mortgage on a certain paint factory and machinery in Alameda. The mortgage was not executed but Mrs. Vierhus advanced $2,500, and later when Mrs. Tisney proved unable to raise her share Mrs. Vierhus, upon the importunities of appellant, advanced the further sums of $1,000 and $350, making a total of $3,850. This action was to recover that sum. The defendant paid $1,000 after the action was commenced. Plaintiff was given judgment for the remainder, or $2,850. Defendant appeals from the judgment.

[1] Mrs. Vierhus demanded of appellant (defendant) that he execute a note or give the security mentioned above for so much as had been advanced to him by her, she being unable to advance more. This he refused to do. Appellant's attitude at the trial was that, under the verbal understanding had between the parties to the transaction, he was not obliged to give such note or security because the entire amount agreed upon had not been advanced. It is a disputed point in the evidence as to just what the exact

verbal agreement was. The matter was carried on in an un-business-like way. But, accepting appellant's interpretation of the transaction as the correct one, he was obliged either to give security for as much money as he had received or return it. Mrs. Vierhus had stated she was unable to raise more money and Mrs. Tisney had proved unable to lend more than $150 of her share. If appellant would not go through with the agreement for as much as had been advanced, he could not keep the money in his possession indefinitely but was bound in equity and good conscience to return it. The facts make a clear case in favor of plaintiff for money had and received.

A somewhat similar state of facts was said to present a case of money had and received in *Whyte* v. *Rosencrantz,* 123 Cal. 634 [69 Am. Rep. 90, 56 Pac. 436]. The facts are also similar to a case where money has been advanced upon an executory contract and where a failure to perform is a failure of consideration. This, also, has been held to present a proper case of money had and received. (*Richter* v. *Union Land etc. Co.,* 129 Cal. 367 [62 Pac. 39].)

[2] It would be true, also, that for the breach of the agreement to lend a certain entire amount appellant could claim damages for breach of contract. We cannot see how he could make such a claim under the evidence here as against Mrs. Vierhus, because she advanced more than she agreed. But, at any rate, there is no offset pleaded or claimed in the case.

[3] The complaint set forth two counts, but for only the one sum of money. One was for money had and received and one was for money lent. In each count it was alleged that defendant (appellant) agreed to repay the sum upon demand. At the close of plaintiff's case the court allowed an amendment to the complaint to conform to proof as it was stated. This amendment changed the clause alleging that defendant agreed to repay on demand to an allegation that defendant agreed to repay in eight months. It is one. of appellant's contentions on this appeal that the trial court erred in allowing this amendment to the complaint without permitting defendant to file a new answer. The court, in ruling, stated that an amendment to conform to proof is deemed denied. This is correct. (*Glougie* v. *Glougie,* 174 Cal. 126, 131 [162 Pac. 118].) Furthermore,

plaintiff's counsel stipulated that it might be deemed denied. *Morton* v. *Bartning*, 68 Cal. 306 [9 Pac. 146], cited by appellant, is not in point here. That case held it error to refuse defendant permission to plead the statute of limitations where plaintiff was permitted to amend his complaint in such a way as to call for that plea. But in this trial appellant made no offer of proof nor suggestion of any defense which was not available to him without amending his answer although the permission to amend the complaint was granted before defendant put on his defense.

Conformably to the amendment the court found as follows: "That within two years last past at ————, the above named defendant became indebted to one M. M. Vierhus in the sum of $3,850.00 for and on account of moneys had and received from said M. M. Vierhus by the said defendant, for his (her) benefit and use, as follows:

"On July 5, 1923, $2,500.00; on July 27, 1923, $1,000.00; on August 14, 1923, $50.00; on August 15, 1923, $300.00, and for which said amounts said defendant agreed to pay the same to M. M. Vierhus eight months after the dates thereinbefore mentioned; that since the commencement of this action there has been paid thereon the sum of $1,000.00 on account."

[4] Of the amount advanced, $350 was lent only seven and one-half months prior to the date the action was commenced, to wit, March 31, 1924. If the action were dependent upon an express promise to repay in a certain time the $350 would not have been due at the time the original complaint was filed. From what we have said above, however, it follows that this judgment is not based upon an express contract but upon the contract implied by law that the defendant should return the money which is in his possession only for the purpose of performing an agreement which has been abandoned or cannot be carried out through no fault of plaintiff's assignor.

[5] Notwithstanding the finding of the trial court that defendant agreed to repay in eight months, the law implied a promise to repay sooner than eight months. The court's findings of fact upon this implied promise are to be found in that part which follows the essential parts of the money had and received count. The additional finding of the ex-

81 Cal. App.—44

press promise to repay will be regarded as surplusage under the facts of this case.

It is said in *Fox* v. *Monahan*, 8 Cal. App. 707, 709 [97 Pac. 765]: "The approved and usual form for this count is very simple, consisting simply in stating that the defendant is indebted to the plaintiff in a certain sum 'for money had and received by the defendant to and for the use of plaintiff.'"

[6] Surplus allegations added to the count for money had and received may be disregarded like surplusage in other forms of pleading. (*Sidebottom* v. *Sidebottom*, 215 Mo. App. 513 [255 S. W. 353]; *Lindskog* v. *Schouweiler*, 12 S. D. 176 [80 N. W. 190].)

[7] The allegation and finding of defendant's express promise to repay being surplusage, so also is the finding on the second count for money lent. Each being for the same sum of money and the one growing out of the other there is no fatal inconsistency in the findings.

The judgment appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 8, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1927.