## HIREEN v. INTERSTATE TRANSIT LINES et al.

### No. 18966.

District Court,. N. D. California, S. D.
July 31, 1931.

Leo H. Shapiro, of San Francisco, Cal.; for plaintiff.

Chas. W. Haswell, of San Francisco, Cal., for defendant Interstate Transit Lines.

KERRIGAN, District Judge.

The complaint in this case is filed by a resident plaintiff against a nonresident corporation which is regularly doing business in this state and which has designated an agent upon whom process may be served in accordance with state law. The action is for damages for personal injuries suffered as the result of the alleged negligent operation of one of the defendant's busses engaged in interstate traffic while in the state of Nebraska The suit was brought in the superior court of California and was removed to the federal court on the ground of diversity of citizenship of the parties. The defendant has demurred to the complaint on the grounds that the court has no jurisdiction of the person of the defendant or of the subject-matter of the action, and has moved to dismiss the action upon the same grounds with the additional ground that the maintenance of the defense in this state would be a burden upon interstate commerce. The defendant contends that since this cause of action arose outside of California and did not arise out of business transacted within the state, this court has no jurisdiction.

I do not believe that the objection to the jurisdiction is good under the facts alleged in the complaint in this action. The problem of jurisdiction of a nonresident corporation doing business within a state in compliance with the state law upon that subject upon a transitory cause of action arising outside of the state of suit has been before the United States Supreme Court in a number of cases, and the distinctions have been finely and carefully drawn. It is not necessary to go into the various cases which have developed the rule. In a recent case, Louisville & Nashville R. R. Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 331, 73 L. Ed. 711, the Supreme Court discussed many of the earlier cases and held that there was jurisdiction if the cause of action arose in connection with business transacted within the state of suit or had any relation to a corporate act in that state. In that case a ticket was purchased in the state of suit for carriage over several connecting lines, among which was the Louisville line; an accident occurred in another state while the plaintiff was a passenger on that line, as a result of which plaintiff was injured. The court held that the cause of action was sufficiently connected with the business of the defendant transacted within the state of suit even though the ticket was purchased at the office of one of the connecting lines. In distinguishing the cases Old Wayne Mutual Life v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345, and Simon v. Southern Ry. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492, the court said: "Where jurisdiction has been denied, the cause of action not only arose outside the state, but it was not shown to have arisen out of any business conducted by the

corporation within it or to have had any relation to any corporate act there." Here the complaint alleges that the contract for carriage was entered into in Nebraska and that the accident occurred there, but that the destination of plaintiff was California. Since the performance of defendant's contract of carriage was to terminate in California, the cause of action is sufficiently *related* to the business of the defendant within this state. The cases of Michigan Central R. R. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470, and Missouri ex rel. St. Louis, etc., Ry. v. Taylor, 266 U. S. 200, 45 S. Ct. 47, 69 L. Ed. 247, 42 A. L. R. 1232, indicate that that is the rule when the contract of carriage or consignment is to terminate in the state of suit.

In this case, however, I am of the opinion that even though the court did not have jurisdiction otherwise, it would now have so because the defendant has submitted to the jurisdiction of the court by filing a general appearance. The question raised is one of venue. It is not objected that the federal court has no jurisdiction because of want of diversity of citizenship of the parties or of the requisite jurisdictional amount. An objection to venue is waived by a general appearance. Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. In the present case, I believe that the defendant has filed a general appearance by demurring on the grounds of lack of jurisdiction of the person of the defendant and also of the subject-matter of the action. This case being on the law side of the court, the California procedural law is applicable under the Conformity Act (28 USCA § 724). Section 1014 of the California Code of Civil Procedure provides that a defendant appears when he demurs. The apparent inconsistency existing between that section and section 430 of the same Code, which permits a demurrer on the ground of want of jurisdiction of the person of the defendant, was discussed by Judge Henshaw in the case of Olcese v. Justice's Court, 156 Cal. 82, 103 P. 317. In that case, as in this one, there was a demurrer to the jurisdiction of the court over the person of the defendant and the subject-matter of the action. It was there held that if the demurrer were only on the ground of want of jurisdiction of the person it would be a special appearance, but that the inclusion of the additional ground of want of jurisdiction of the subject-matter of the action constituted a general appearance and submitted the person of the defendant to the jurisdiction of the court. This rule has been consistently followed in the state courts. Clark v. Forbes, 34 Cal. App. 524, 168 P. 155; Gulick v. Justice's Court, 101 Cal. App. 619, 281 P. 1031.

The demurrer is overruled, and the motion to dismiss is denied.