[Civ. No. 29432.   Second Dist., Div. Four.   Feb. 7, 1967.]

ALBERT WEINER, as Executor, etc., et al., Plaintiffs, Cross-defendants and Appellants, v. MARJORIE DAVIES, Defendant, Cross-complainant and Respondent.

Albert Weiner and Virginia Richmond, in pro. per., for Plaintiffs, Cross-defendants and Appellants.

Mosk & Rudman, Slaff, Mosk & Rudman and Edward Mosk for Defendant, Cross-complainant and Respondent.

BISHOP, J. pro tem.*—The cross-complainant, Marjorie Davies, after a journey through a procedural maze, temporarily finds herself with a judgment for $3,500 principal and $1,408.78 interest, based on the *quantum meruit* count of her cross-complaint against the two cross-defendants. Each cross-defendant has appealed, and we find it necessary to reverse the judgment because of prejudicially erroneous proceedings.

In order to obey the spirit as well as the letter of the mandate of the state Constitution, that ''In the determination of causes'' our decisions must ''be given in writing, and the ground of the decision stated'' (art. VI, § 24†) we find it necessary to give a rather wearisome account of the pleadings and related matters, which were the outgrowth of an attempt of the defendant-cross-complainant to aid the plaintiffs-cross-defendants in getting out a publication of service to the medical profession.

The first pleading was filed January 3, 1958, by plaintiffs Harry Soforenko[1] and Virginia Richmond, a complaint in claim and delivery to obtain possession of five thousand dollars worth of ''data, records, research material prepared and compiled'' in connection with the proposed publication. The defendant filed a cross-complaint, praying for declaratory relief, the burden of her pleading being that she and the plaintiffs, who were made cross-defendants, were jointly interested in preparing and publishing a book to be known as ''Medical Practice Informant—1958.'' Then on September 11, 1958, she filed an amendment to cross-complaint consisting of the addition of two counts to her cross-complaint. The first of

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

†Reporter's Note: Now art. VI, § 14. See constitutional revision adopted November 8, 1966.

[1]Who died during the course of the proceedings and in whose stead his attorney and now executor is substituted.

the added counts was entitled: *"As and For a Second and Alternative Cause of Action Against Cross-Defendants and Each of Them,"* and declares:

"II

"Within two years last past, cross-defendants and each of them, became indebted to cross-complainant MARJORIE DAVIES in the sum of $10,500.00 as and for the reasonable value of work, labour and services performed by cross-complainant MARJORIE DAVIES for cross-defendants and each of them at their special instance and request, in researching, collating, preparing, developing, writing and editing a book tentatively entitled MEDICAL PRACTICE INFORMANT—1958."

To this, the cross-defendants answered that they denied "generally and specifically each and every allegation . . . and cross-defendants further deny that they are indebted to cross-complainants in the sum of $9,600.00 or any other sum or at all."

On September 22, 1958, the same day that the cross-defendants filed their answer, they filed a *Demand For Bill of Particulars* upon cross-complainant's attorneys by mailing them a copy. In it they requested "in particular the date and place of the performance of the services as alleged in the cross-complaint (second count) and an itemization of the character and unit charges for services rendered." Over a year later, January 28, 1960, the bill of particulars was filed. As no point is being made of the delay in filing the bill,[2] we are drawing no inferences unfavorable to the regularity of the proceedings because of it.

The bill of particulars is some thirty times more voluminous than the second cause of action that it supplements. It goes into detail respecting the several types of service that the cross-complainant had undertaken to perform on behalf of the cross-defendants. In it the cross-complainant listed the days that she worked for the cross-defendants, totaling 150, and stated that "The unit charge for the services rendered upon which the Second Cause of Action is based is the sum of $70.00 per day."

The case went to its first trial on March 1, 1962. From the facts recited in the *Findings of Fact and Conclusions of Law* we learn that, before any evidence was taken, the plaintiffs dismissed their claim and delivery action and the cross-

---

[2]Our information respecting the matter came from the original files obtained by us from the Los Angeles County Clerk, on our order.

complainant withdrew her first cause of action, that for declaratory relief. The significant cause of action that remained, the *quantum meruit* count, was tried and resulted in a number of findings, which we condense: (1) Between July 27, 1957, and January 1, 1958, cross-complainant "performed certain services in connection with the preparation of a book entitled 'Medical Practice Informant,' which services included research and which services were performed at the request of Virginia Richmond and Dr. Harry Soforenko."

(2) Between July 27, 1957, and January 1, 1958, cross-complainant came into possession of index cards, etc.

(3) Cross-defendants paid cross-complainant $900.00 "as part payment for services rendered."

(4) Cross-complainant "performed services in connection with the development as well as the preparation of the book."

(5) The reasonable value of the services rendered was $7,500.

(6) (Third cause of action.)

(7) "That the cross-defendants did not fully or adequately compensate cross-complainant for her services."

Then followed a number of findings of those things not true. The first was that the services of the cross-complainant "were incomplete or inadequate or unsatisfactory or of no use or value to cross-defendants." Then the several allegations concerning accounts stated were found not to be true.

The judgment directed in the conclusions of law was filed June 15, 1962, and entered two days later. The cross-complainant was awarded "judgment on the second cause of action against cross-defendants . . . for the sum of $6,600.00 together with interest on the sum of $6,600.00 . . . from September 11, 1958 . . ."

This is not the judgment under review. The cross-defendants each moved for a new trial, neither mentioning the amount of damages awarded among the grounds for the new trial given in the notice. A judge who had not tried the case heard the motions and, on August 17, 1962, ruled: "The respective motions (2) of the plaintiffs and cross-defendants . . . for a new trial . . . are granted as to the issue of damages only, it appearing to the Court that the damages are excessive and that the evidence is insufficient to sustain the award of damages (657 Code Civ. Proc., subd. paragraph 5 and 6)."

Let us interrupt our look at the successive events of the case

to take our bearings. This has become an action in *quantum meruit* with a common count complaint. We do not doubt that this "is a form of pleading long sanctioned in this state," as stated in *Lewin* v. *Merck & Co.* (1962) 209 Cal.App.2d 131, 132 [25 Cal.Rptr. 619, 620]. It is, nevertheless, not a pleading that meets the requirements contained in subdivision 2 of section 426, Code of Civil Procedure, which prescribes that a complaint must contain "a statement of the facts constituting the cause of action, in ordinary and concise language." But we read further in the opinion from which we have just quoted: "Code of Civil Procedure, section 454, providing for a bill of particulars, is designed to afford ready relief to a defendant in need of further information concerning the details of an account upon which he has been sued."

We frequently encounter this equivocal characterization of a bill of particulars: ". . . for certain purposes the bill is deemed to constitute a part of the complaint," to quote from *Meredith* v. *Marks* (1963) 212 Cal.App.2d 265, 269 [27 Cal. Rptr. 737]. ■ Neither in the code nor in the opinion of any court that has come to our attention, is a bill of particulars so actually a part of the complaint that it is admitted if not denied. In *Chamberlain* v. *Loewenthal* (1902) 138 Cal. 47, 49 [70 P. 932, 933], we are told: ■ "A bill of particulars may be furnished before or after the defendant answers the complaint, and in either case the effect of furnishing the bill is to limit the evidence which the plaintiff may offer in support of his claim, but it does not require or authorize the defendant to especially plead thereto." Nor, apparently, is there any requirement that the allegations contained in the bill of exceptions be treated as a part of the issues to be disposed of by findings.

One other principle should be brought to mind before we return to our survey of the procedural procession. It is that: ■ "The power of a trial or appellate court to order a new trial on fewer than all the issues is generally recognized [citing authorities]. . . . Such retrials should be granted, however, only if it is clear that no injustice will result. [Citing authorities.]" (*Leipert* v. *Honold* (1952) 39 Cal.2d 462, 466 [247 P.2d 324, 327, 29 A.L.R.2d 1185].)

Returning to our procedural parade, we recall that we had turned off at the point where a new trial had been granted "as to the issue of damages only." The next activity to attract our attention is the pretrial proceedings. The joint pretrial statement recites that, after the judgment was

entered, "a motion for a new trial was granted in the following language:" quoting the minute entry of August 17 that we have set forth.

Under the heading "Issues To Be Determined" appears these three of interest to us:

"1. The reasonable value of cross-complainant's services and the indebtedness, if any, of cross-defendants to cross-complainant for any excess of such reasonable value over the amount paid to her;

"2. Whether the findings of fact in Action No. 692989 preclude consideration of the matters contained in Paragraph 3 below as issues;

"3. In the event that the answer to the Issue No. 2 is in the negative as to all or any of the following, then these are additional issues to be determined:

" (a) The terms and conditions of the oral contract between the parties;

" (b) The physical condition of MARJORIE DAVIES during the time of her employment and her mental and physical ability to work the total number of hours and days claimed by her to have been worked;"

The Joint Pre-Trial Statement points out, before reciting the issues to be determined, that "each of the parties is filing a separate statement of contentions." Pertinent to our consideration is that of the cross-complainant, who "contends that the only issue to be determined in this procedure is the reasonable value of the services performed by cross-complainant." The figure she claims is $10,500 of which only $900 has been paid. Findings of fact numbrs 1, 2, 3, 4, and 7, she contends, remain binding; only 5 and 6 "were upset by the granting of the motion for new trial."

The cross-defendants contended, correctly, that the third cause of action remained disposed of against the cross-complainant. They also contended that the parties entered into an oral contract for the services the cross-complainant was to render, with a monthly salary of $200, one of its terms; that she has been paid in full and that her services, moreover, were of no value.

The order made as a result of the pretrial hearing, states that "The parties have entered into joint and separate pretrial statements which set forth the nature of the case, the matters agreed upon or admitted, the factual and legal contentions made by each party as to the issues remaining in dispute, and the issues remaining in dispute. Said statements

are attached hereto, adopted by the court and made a part of this order."

With this background, the court entered upon the second trial on May 27, 1964. The pretrial order left to the future the defining of the issues, and it became the first action of the trial judge. He read aloud the minute entry of August 17, respecting the granting of the new trial, and then announced: "Now, I interpret that language to mean with respect to the insufficiency of the evidence to sustain the award of damages in the amount that was set forth in the judgment, so we have two issues that we are going to have this retrial limited to, number one, what services were performed and, number two, what is the reasonable value of those services. Everything else has been disposed of by the original Findings and Judgment." After some further remarks of caution to the witnesses he continued: 'Now, it is also my understanding that the original complaint in claim and delivery has been dismissed, so this is on the damages in the cross complaint. Is that correct?" To which counsel for cross-complainant replied, "That is correct" and cross-defendants answered by remaining silent.

A trial, reported in more than 300 pages, was followed by the filing of findings of fact and conclusions of law and a judgment on June 15, 1964. In the introductory recitals of the findings we read: "The sole issue before the court was the issue of damages." And the entire findings of fact consists of one finding:

"The reasonable value of the services of Marjorie Davies to Dr. Harry Soforenko and Virginia Richmond in connection with the work performed for them and at their request was the sum of Four Thousand four hundred Dollars ($4,400.00); that Marjorie Davies has been paid the sum of Nine hundred Dollars ($900.00) and that the cross-defendants Harry Soforenko and Virginia Richmond, are entitled to an off-set of the said Nine hundred Dollars ($900.00)."

The judgment, entered June 17, 1964, followed the direction of the conclusions of law that it be for $3,500 "together with interest on the sum of Thirty-five hundred Dollars ($3,500.00) at the rate of 7% per annum from September 11, 1958" at which point there was inserted: "in the sum of $1,408.78."

Surprised by the dates upon which the two notices of appeal to this judgment were filed—cross-defendant Soforenko's on October 28, 1964, and that of cross-defendant

Richmond on November 6,—we made some inquiry and discovered[3] that we had some other events to add to our list. A stipulation by the parties was filed June 23, 1964, reciting that "due to inadvertence and mistake, the Findings of Fact and Conclusions of Law and Judgment prepared by counsel for cross-complainant were not served upon cross-defendants or their counsel prior to the signing of the Findings, Conclusions and Judgment by the court. The attorneys for the cross-defendants have indicated that it was and is their desire to file objections to the Findings of Fact." The stipulation was supported by a declaration explaining how the inadvertence and mistake occurred. The stipulation concludes: "That the sole purpose of the execution of this Stipulation and the setting aside of the Findings of Fact, Conclusions of Law and Judgment heretofore entered by the Court on or about the 15th day of June, 1964 is to permit the cross-defendants an opportunity to file their objections to said Findings and Conclusions in timely fashion." At the bottom of the stipulation this reprieve appears: "Under Section 473 of the Code of Civil Procedure, it is so ordered," signed by the judge who had signed the judgment.

Bearing the date of July 2, but filed August 14, both 1964, appear cross-defendant Soforenko's objections to proposed findings of fact and conclusions of law. In it the proposed findings of fact were objected to on the ground that they were "incomplete, vague and inadequate" in that they failed to set forth "when and what work and services were performed by cross-complainant, . . . what was the reasonable value of said work and services per week or per month; . . . or in what manner said sum of $4,400.00 was arrived at, computed or ascertained." A minute entry of August 14, 1964, reveals a conference on findings, held between the judge who had signed them and the cross-defendants. We quote the pertinent part of this entry.

"Conference is held on the Findings of Fact and Conclusions of Law. Plaintiff and cross-defendant, Virginia Richmond appearing in propria persona joins in objections to Proposed Findings of Fact and Conclusions of Law and in request for Special Findings. Objections and request for Special Findings are denied. Findings of Fact and Conclusions of Law heretofore filed on June 15, 1964 and the Judgment heretofore filed on June 15, 1964 and entered on June

---

[3]Again, from the original files obtained from the offices of the county clerk.

17, 1964 in Book 5069, page 020, which, by stipulation, were previously set aside are hereby reinstated, provided however that the statutory time within which any motions, hearings, applications for writs, or appeal shall date from August 14, 1964. The effective date of the entry of said judgment shall be August 14, 1964 for all purposes including starting date for any interest payment.''

After this conference, each cross-defendant gave notice that there would be motions for a new trial. Each moved, in vain. Two notices of appeal were filed. That on behalf of cross-defendant Soforenko was filed October 28, 1964, by him who had been his counsel, the party having died and no executor or administrator yet appointed. The notice filed by cross-defendant Richmond, on November 6, 1964, was from several matters:

''1. Judgment in the above-entitled matter entered on August 14, 1962; (2) Order . . . denying motion . . . for a new trial . . . ; (3) Order . . . denying motion of plaintiff Harry Soforenko for a new trial . . . which plaintiff Richmond joined in with on the motion orally and which the Court ruled she was a joiner to said motion . . . which was denied October 7, 1964; (4) The order of the above-entitled Court given at the beginning of the trial which so limited the plaintiffs in presentation of their case that the furtherance of justice was not served; (5) And all matters contained within the plaintiff Soforenko's Notice of Appeal. . . .'' On November 23, 1964, cross-defendant Richmond filed a correction of date of judgment appealed from in Notice of Appeal filed with this court November 6, 1964, by which the date of the judgment appealed from was changed from August 14, 1962 to August 14, 1964.

The faults that we have concluded require a reversal of the judgment might not merit that result in a different case. In no *quantum meruit* action is the defendant informed of the real claim against him by the complainant's allegation that he became indebted to the plaintiff ''as and for the reasonable value of work, labor and services performed'' by the plaintiff. In many instances, fortunately, the history of the relations between the parties leaves no doubt of the basis of the claim and no more need be alleged. In this action, however, that which the cross-complainant claims to have performed for the benefit of the cross-defendants consisted of a multitude of deeds in a very large field, in the very nature of things mostly unknown to the cross-defendants and, moreover, without any

commonly accepted price tag. Recognizing the need for more accurate information in such a situation the code requires a supplement to the complaint, to wit, a bill of particulars, and that was demanded and furnished in this case.

Then we come to the first judgment with its findings that during a five months' period the cross-complainant "performed certain services in connection with the preparation . . . and development of a book" and "that the reasonable value of the services" was $7,500, of which $900 was paid. A new trial was granted on the sole issue of damages. The order made at the rehearing left the meaning of the limitations unsettled, but the trial judge announced at the beginning of the trial that two fields would have to be explored: (a) just what work was done; (b) the value of the services rendered in the doing. This was a correct ruling. The findings upon which the judgment had been based were far too indefinite to make it possible on a retrial, to arrive at a conclusion as to the damages to be awarded based only on evidence as to the value of the services. The reporter's transcript of the testimony makes clear that the question "What services were performed?" was the subject of inquiry and that it had to be in order to decide what they were worth.

But when the trial judge came to give his new answer on the issue of the damages, he strictly limited his finding: "The reasonable value of the services . . . was the sum of four thousand four hundred dollars. . . ." Obviously, this did not tell the cross-defendants all that they were entitled to know. It is for just such a situation that section 634, Code of Civil Procedure, provides that within 10 days after service on him of proposed findings a party "may serve and file objections, counter findings and request for special findings." Cross-defendant Soforenko took advantage of this provision and objected to the proposed findings upon the ground—we generalize—that it could not be told how the round figure, $3,500, was arrived at.

Were this a case where the damages awarded were for pain and suffering, or some such injury, a finding of the method by which it was reached might not be possible and so not required, either by a special finding of a jury or an explanatory finding by the trial court. It may be that the figure found—$4,400—was settled upon as one that would seem a fair reward for the services rendered, dependent not upon any multiplication of time spent by the reasonable value of services for each unit of time. If so, the cross-defendants were

entitled to know it. As seems more likely, the value of the services per hour, day or any other basis, multiplied by the number of hours, days or whatever measuring period adopted, gave the figure which was used to determine the amount awarded. If so, this should have been set forth in a finding, as was requested.

As stated in *Relaxacizor, Inc.* v. *W. B. Geissenger & Co.* (1963) 221 Cal.App.2d 19, 22 [34 Cal.Rptr. 269, 271]:

■ "Findings must be so framed as to afford the defeated party an opportunity to question the sufficiency of the evidence to support them and to point out in further proceedings the claims of error. [Citing cases.]"

Since we are reversing the entire judgment we are not dwelling on the error in awarding interest from a date before the entry of judgment. (See *Crocker* v. *Crocker First National Bank of San Francisco* (1943) 60 Cal.App.2d 725, 731 [141 P.2d 482, 485].)

The judgment first entered June 17 and then ordered to stand as though reentered August 14, 1964, is reversed, with directions to enter a new pretrial order governing the proceedings to follow the order of August 17, 1962, granting the motions of the cross-defendants for a new trial.

The appeal of the cross-defendant Richmond set forth in paragraphs 2, 3, 4 and 5 of her notice of appeal, is dismissed; none of the matters referred to are appealable.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied March 3, 1967.